## J. W. JONES v. NANNIE J. JOHNSON.

### No. 302.

1. FRAUDULENT CONVEYANCE—*Husband and Wife*— *Question of Fact.* Whether or not a transfer by a husband to his wife of all his property, except his interest in a mercantile firm which was largely indebted at the date of such transfer, is fraudulent and void as to his subsequent creditors is not a question of law but of fact, to be determined by the court or jury upon careful examination of the evidence concerning such transfer.

2. ——— *Existing and Subsequent Creditors*—*Evidence.* In order to defeat such a transfer as is mentioned in the foregoing paragraph, the creditors must show that it was intended to defraud existing creditors, or creditors whose rights were expected shortly to supervene, or creditors whose rights do so supervene.

3. ———— *Purpose of Grantor—Hazards of Contemplated Business.* The law will not permit such a transfer to stand if the evidence clearly proves that the evident purpose and actual effect of the same are to place the hazards of the business in which the person making the transfer is engaged, or is about to engage, upon others to whom he expects soon to become and in fact shortly thereafter does become indebted.

Error from Reno district court; F. L. Martin, judge. Opinion filed March 14, 1898. Reversed.

This replevin action was commenced on November 28, 1890, by Nannie J. Johnson against J. W. Jones, as sheriff of Reno county, to recover the possession of 600 bushels of corn, which the sheriff had seized ten days previously under three executions, upon judgments rendered against the firm of Constant & Johnson, Johnson being the husband of plaintiff. The petition was in the usual form in a replevin action, and the answer contained a general denial only. The sheriff, on behalf of the execution creditors, sought to prove that the property in controversy was transferred by the plaintiff's husband to her, fraudulently and without consideration. The plaintiff objected to the admission of any testimony on behalf of the defendant designed to prove fraud in the transfer to her, for the reason that the evidence introduced by the plaintiff had shown that the corn levied on was grown on a tract of land that had been conveyed to plaintiff on April 1, 1889, by a warranty deed executed by C. P. Johnson, her husband, the deed having been duly recorded on April 3, 1889; while it appeared that the judgments supporting the executions herein were rendered in September and October, 1890. The court sustained this objection and excluded all evidence of the character mentioned. Under direction of the court, the jury returned a verdict

for the plaintiff, and judgment was rendered thereon. Defendant's motion for a new trial was overruled.

From the record it appeared that, prior to the date of the deed from Johnson to his wife, Constant & Johnson were engaged in the retail grocery business in the city of Hutchinson. The defendant offered to introduce evidence tending to prove that the firm began business much in debt, and was at all times heavily indebted; that the business was not prosperous, and that Johnson had placed all of his property, real and personal, except his interest in the grocery store, in his wife's name, without any consideration for the transfer, so that it could not be reached by his creditors, in the event of the grocery firm's business proving disastrous.

*J. W. Roberts*, and *H. Whiteside*, for plaintiff in error.

*C. M. Williams*, for defendant in error.

The opinion of the court was delivered by

Milton, J.: Assuming that the execution creditors herein were subsequent creditors of the grocery firm, we think the court erred in denying to the defendant the right to a trial of the issues of fact in the case, and that the practical effect of the rulings was a denial of that right. Whether or not the transfer by C. P. Johnson of nearly all of his property to his wife was fraudulent as to the execution creditors in this case is not a question of law but of fact. We think the supreme court, in the case of *Sheppard v. Thomas*, 24 Kan. 780, did not intend to declare that subsequent creditors are not entitled under any circumstances to attack a voluntary or fraudulent conveyance made by their debtor, and that the language of the opinion

Jones v. Johnson.

does not bear the construction placed upon it by counsel for the defendant in error.

The rule which we think applicable to the trial of this case may be thus stated : A voluntary transfer of substantially all his property by a husband to his wife, even when he is not indebted at the time, but with a view to future indebtedness, is void. (1 Story's Eq. Jur., § 356 ; *Reade v. Livingston*, 3 Johns. Ch. 481 ; *Parkman v. Welch et al.*, 19 Pick. 231 ; *Harrison v. Cramer et al.*, 3 Iowa, 543.)

The syllabus of *Smith et al. v. Vodges, Assignee*, 92 U. S. 183, reads :

" In order to defeat a settlement by a husband upon his wife, it must be intended to defraud existing creditors, or creditors whose rights are expected shortly to supervene."

In the opinion the court said :

"The law of this case is too well settled to admit of doubt. In order to defeat a settlement made by a husband upon his wife, it must be intended to defraud existing creditors, or creditors whose rights are expected shortly to supervene, or creditors whose rights may or do so intervene ; the settler proposing to throw the hazards of the business in which he is about to engage upon others, instead of honestly holding his means subject to the chance of these adverse results to which all business enterprises are liable."

Among the badges of fraud in such a case, the courts specify the magnitude of the conveyance compared with the grantor's means, the existence of prior debts at the time of the transfer, the immediate engagement in a hazardous business, and the contracting of debts immediately after the transfer.

" The conveyance must be made with an intent to put the property out of reach of debts which the grantor at the time of the conveyance intends to con-

tract, and which he does not intend to pay, or has reasonable grounds to believe that he may not be able to pay." (Bump, Fraud. Conv., 4th ed., 328.)

So far as our investigation has extended, we think the foregoing statements fairly represent the views held by a majority of our courts of last resort. The rule as to continuous indebtedness is well stated and the supporting authorities are set forth at pages 322–324 of the last-named work. See also *Parish et al. v. Murphree et al.*, 13 How. 92.

"Fraud is always a question of fact, to be determined by the court or jury upon a careful scrutiny of the evidence before it." (*Smith v. Vodges, Assignee*, supra.)

Fraudulent intent is generally a question of fact for the jury and not for the court. (*Hyde v. Chapman*, 33 Wis. 391; *Barkow v. Sanger*, 47 id. 500.)

Believing that the court erred in its rulings in the trial of this case, to the prejudice of the plaintiff in error, the judgment will be reversed and the case remanded for a new trial.