GATES and another vs. BOOMER and another.

A creditor, on whose judgment execution has been issued and returned unsatisfied, may maintain an action to have a deed, executed by his debtor before the judgment was rendered, set aside and declared void on the ground that it is fraudulent as to him.

Two or more judgment creditors may unite as plaintiffs in such an action, having a common interest in obtaining the relief demanded. Sec. 18, ch. 122, R. S.

The complaint in such a case will not be liable to the objection that it improperly joins two or more causes of action, because it shows that the plaintiffs claim liens upon the land under distinct and several judgments.

Since chap. 303, Laws of 1860, took effect, a judgment creditor may maintain a creditor's bill in this state as under the old practice.

APPEAL from the Circuit Court for *Jefferson* County.

This was an appeal from an order of the circuit court overruling a demurrer to the complaint. The substance of the complaint, and the grounds of demurrer, are stated in the opinion of the court.

*Enos & Hall*, for appellant:

In *Graham v. The La Crosse & Mil. R. R. Co.*, 10 Wis., 459, this court decided that the proceedings supplemental to an execution, provided by the Revised Statutes, were a substitute for a creditor's bill, and were the only mode of obtaining the relief formerly given by the bill. The legislature has since passed an act to facilitate the collection of judgments (chap. 303, Laws of 1860), by which it is provided that a judgment creditor, after the return of an execution unsatisfied, may commence an action to compel the discovery of any property or thing in action belonging to the judgment debtor. The complaint in this action is not for discovery, but asks that the fraudulent deed be set aside, and that this judgment be declared a valid lien upon the land mentioned therein. The prayer for relief determines the nature of the action. *Gillett v. Treganza*, 13 Wis., 472. 2. If the allegations of the complaint are true, the plaintiffs do not need the relief asked for. The judgment had all the while been a lien upon the lands in question. *Eastman v. Schettler*, 13 Wis., 324. 3. Can the judgment creditors in two distinct judgments join in this action? Their liens are not alike, and must be enforced by different executions.

*Barber & Fribert*, for respondents, as to the question of jurisdiction, cited *Clarkson v. Depeyster*, 3 Paige, 322; *Bennett v. Musgrove*, 2 Ves. Sen., 51; *Sands v. Codwise*, 4 Johns., 536; *Greenwood v. Brodhead*, 8 Barb., 597; 3 Dessaus., 223; 3 Da-

na, 508; 4 Blackf., 7; 2 Edwards, 120; 4 Rand., 282; 8 Wis., 484; 7 Blackf., 400; 4 Bibb, 166; 2 Story's Eq. Jur., 694.

*By the Court*, COLE, J.   The first objection taken to the complaint, on the demurrer, is, that the court has no jurisdiction of the cause.   The complaint is filed by two judgment creditors of *Lyman E. Boomer*, for the purpose of setting aside and having declared void a deed given by him to his co-defendant, on the ground that it is fraudulent and void as to creditors.   They state that their judgments were obtained subsequent to the giving of said deed; that executions have been issued upon them, and returned unsatisfied; and that the judgment debtor has left the state and has no property here liable to seizure and sale.   They therefore ask that the deed, which is an obstruction, be removed so that they can enforce their liens by a sale of the property upon execution.   This general statement will suffice to understand the object of the suit.

We think the facts stated in the complaint bring the case within an acknowledged head of equity jurisdiction.   As already observed, the object and purpose of the suit is to clear the real estate of the judgment debtor from an incumbrance fraudulently and improperly placed upon it to the injury and prejudice of the creditors.   It is said, if the deed be void in respect to creditors, as is alleged, that then this suit is unnecessary, since there is no obstacle to the respondents enforcing their judgments by sales upon execution.   But if the parties should adopt the course suggested, still it is very obvious that the existence of the deed would throw doubt and uncertainty upon the title, and might entirely prevent bidding at the sales. In *Beck vs. Burditt*, 1 Paige, 305, which was a bill filed by a judgment creditor to set aside a fraudulent assignment of property, the chancellor uses the following language:   "There are two classes of cases where a plaintiff is permitted to come into this court for relief, after he has proceeded to judgment and execution at law without obtaining satisfaction of his debt.

In one case, the issuing of the execution gives the plaintiff a lien upon the property, but he is compelled to come here for the purpose of removing some obstructions fraudulently or inequitably interposed to prevent a sale on the execution. In the other, the plaintiff comes here to obtain satisfaction of his debt out of the property of the defendant which cannot be reached by execution at law." This is obviously a case of the former character. See also *Clarkson et al. vs. De Peyster et al.*, 3 Paige, 320—a case much in point; 2 Story's Eq. Jur., §§ 697 et seq. It is true, in *Graham vs. La Crosse & Milwaukee R. R. Co.*, 10 Wis., 459, we held that the proceedings supplemental to an execution, established by the code, were intended as a substitute for an action by creditor's bill. But the legislature, immediately on the publication of that decision, passed chap. 303, Laws of 1860, restoring that remedy. The case of Graham was where a party had exhausted his legal remedies without being able to obtain satisfaction of his debt, and differs from this suit, which seeks to remove an instrument which is an obstruction to enforcing a sale upon execution and is a cloud upon the title of the property. Whether this case would fairly come within the principle decided in that case, had there been no change in the law, we will not stop to inquire, as we are satisfied the legislature intended to restore the former practice by the enactment just cited.

It is further objected that there is a defect of parties plaintiffs, and that it was irregular for the two judgment creditors to unite in the action. This point is clearly untenable. Both plaintiffs have a common interest in removing the fraudulent conveyance, so that they can enforce their respective judgments. And aside from our statute, we think there would have been no misjoinder of parties plaintiffs. See case in 3 Paige, *supra*, and authorities there referred to. But our statute provides that all persons having an interest in the subject of the action and in obtaining the relief demanded, may be joined as plaintiffs, with certain exceptions not applying to this case.

Sec. 18, chap. 122. This provision is unquestionably broad enough to meet the case at bar, since both plaintiffs have a direct and common interest in the subject matter of the suit and in the relief sought. The third objection, to wit, that several causes of action are improperly united in the complaint, is disposed of in considering the question whether or not there was an improper joinder of the parties plaintiffs.

The next objection, that the several causes of action are not separately stated, is not sustained by the complaint, as an examination of its various allegations will abundantly show.

The next and last ground of demurrer is, that the complaint does not state facts sufficient to constitute a cause of action. This objection has been anticipated and sufficiently considered in the observations made upon the first point. The object of the action has been stated. The allegations of the complaint are quite full in respect to the time, circumstances and design of the making of the fraudulent conveyance; that the grantee took the same with full knowledge of the fraudulent intent; the facts in respect to recovering the two judgments therein mentioned; the issuing of executions, and that the property conveyed is the only resource the plaintiffs have of collecting the judgments. We see no defect in the complaint.

The order of the circuit court, overruling the demurrer, is affirmed.