MEISSNER, Respondent, vs. MEISSNER, Intervener, Appellant.
BRESLAUER, Respondent, vs. SAME, Appellant.

*February 5 — March 1, 1887.*

DEBTOR AND CREDITOR. *(1) Creditors' bill: Intervention, when sustained. (2) Waiver of right to intervene.*

1. To entitle one creditor to reach, by petition in the nature of a creditors' bill in equity, money in the hands of the court apparently belonging to another creditor of the common debtor, the petitioner must show that he has exhausted his remedy at law against the debtor, or that he has a specific lien upon the money by virtue of an attachment or execution levied upon the same or upon the property from the sale of which the fund arose.

2. An allegation in such petition that the petitioner was induced not to intervene with other creditors in a former proceeding against the same fund, by a promise of the creditor to whom such fund apparently belonged that if the intervening creditors should succeed the balance of the fund after paying them should be applied upon the petitioner's judgment, shows a waiver of the petitioner's right to intervene, and is a sufficient ground for dismissing the petition.

APPEAL from the County Court of *Milwaukee* County.

The following statement of the case was prepared by Mr. Justice TAYLOR as a part of the opinion:

In August, 1884, *Bertha Meissner* and *Joseph Breslauer* obtained two judgments against Max Meissner. These judgments were obtained in the county court of Milwaukee county. Executions were issued upon both these judgments and placed in the hands of the sheriff of Milwaukee county, and by virtue of such executions said sheriff seized a stock of goods belonging to said Max Meissner. After the seizure of such stock of goods by said sheriff, and before he had made sale of the same on said executions, A. B. Geilfuss, as receiver of the Manufacturers' Bank of Milwaukee, obtained a judgment against said Max Meissner, and caused an execution to be issued thereon. He also commenced an action against the said Max Meissner, and George P. Gore commenced another action against said Max Meissner, and in each of said last-named actions attachments were duly issued against the property of said Max Meissner, which said execution and attachments were placed in the hands of said sheriff with directions to levy upon and attach the same goods seized upon the executions issued upon the first-named judgments in favor of *Bertha Meissner* and *Joseph Breslauer;* the plaintiffs, Geilfuss and Gore, in said last-named judgments and actions, claiming that the judgments in favor of the said *Bertha Meissner* and *Joseph Breslauer* were fraudulent and void as to the creditors of said Max Meissner, and especially as to the plaintiffs in said last-named actions.

The sheriff sold the said stock of goods upon the executions in favor of *Bertha Meissner* and *Joseph Breslauer;* and the said sheriff, having been notified by Geilfuss and Gore that they claimed the proceeds of said sales on their execution and attachments on the ground that said judgments in favor of *Bertha Meissner* and *Joseph Breslauer* were fraud-

ulent and void as to the creditors of said Max Meissner, instead of paying over the money received upon said sale to said *Bertha Meissner* and *Joseph Breslauer*, paid the money into the county court, subject to the order of said court. Afterwards judgments were duly obtained in said two actions in which said attachments were issued as aforesaid. On the 1st day of October, 1884, the said Geilfuss and the said Gore presented to the said county court a petition setting forth the facts above stated and other facts tending to show that the said judgments in favor of the said *Bertha Meissner* and *Joseph Breslauer* were fraudulent and void as to the creditors of the said Max Meissner, and especially as to the petitioners, and prayed that the said county court make an order directing the payment of the said judgments of said petitioners out of the moneys arising from the sale of the stock of goods of the said Max Meissner upon the executions issued upon the said judgments of the said *Bertha Meissner* and *Joseph Breslauer*. The facts stated in said petition were denied by the said *Bertha Meissner* and *Joseph Breslauer*, and thereupon the said county court directed issues to be formed upon said petitions and the answers thereto, and such issues were formed and tried by said court and a jury, and, after the trial of said issues, the said county court, on the 5th day of December, 1885, made a final order and judgment upon the claim of said petitioners, adjudging that the said judgments in favor of *Bertha Meissner* and *Joseph Breslauer* were fraudulent and void as to the creditors of the said Max Meissner, and particularly as to the petitioning creditors, Geilfuss and Gore, and further ordered and adjudged as follows:

"And, further, it is ordered that out of said fund, to wit, the sum of $1,879.86, the clerk of this court is directed to pay— *First*, to Albert B. Geilfuss, receiver of the Manufacturers' Bank of Milwaukee, and George P. Gore, or their attorneys, their costs of these proceedings in said two above-

entitled actions, to be taxed according to law and the rules of this court; *second*, to Albert B. Geilfuss, receiver of the Manufacturers' Bank of Milwaukee, or to his attorneys, the amount due upon the judgment by him recovered against the defendant, said Max Meissner, in the circuit court of Milwaukee county, on August 21, 1884, for $463.89 damages and costs; *third*, to Albert B. Geilfuss, receiver of the Manufacturers' Bank of Milwaukee, or to his attorneys, the amount due upon the judgment by him recovered against the said defendant, Max Meissner, and entered on November 28, 1885, for $472.95 damages and costs, in the action in this court wherein an attachment was issued against said defendant's property on August 21, 1884; *fourth*, to George P. Gore, or to his attorneys, the amount due upon the judgment by him recovered against the defendant, Max Meissner, and which was entered on November 28, 1885, for $417.87 damages and costs, in the action in this court wherein an attachment was issued against said defendant's property on August 30, 1884; *lastly*, that the residue of said fund, if any there be, the said clerk shall pay in equal shares to the said *Bertha. Meissner* and the said *Joseph Breslauer*, or to their respective attorneys."

From this order and judgment the said *Bertha Meissner* and *Joseph Breslauer* appealed to this court, and upon the hearing of said appeal the said order and judgment of the county court was in all things affirmed.   See 65 Wis. 377. After the record was remitted to the said county court, and on the 27th of May, 1886, the said *Bertha Meissner* and *Joseph Breslauer* obtained an order from the said county court, of which the following is a copy: " [Title of cause.]   Founded on the files, records, and proceedings in above suit.   And on motion of E. P. Smith, attorney for the plaintiff, let the above-named intervening creditors and the sheriff of this county show cause, if any they have, before this court, on the 29th day of May, 1886, at the opening of the court

on that day, or as soon thereafter as counsel can be heard, why the balance of the money specified in the order of November 5, 1885, should not be paid to the above-named plaintiffs, *Bertha Meissner* and *Joseph Breslauer*, in equal shares, and their bond and bondsmen should not be discharged. Let a copy of this order be served on the attorneys for the said creditors and the said sheriff at least twenty-four hours before said hearing."

The court directed this order to be served on the said Geilfuss and Gore, the intervening creditors, and upon the sheriff. At this point in the proceedings the appellant in the case at bar, *Moritz Meissner*, first makes his appearance as a claimant for the money arising from the sale of said stock of goods upon said executions of said *Bertha Meissner* and *Joseph Breslauer*, and he presents a petition to said county court setting forth that he is a judgment creditor of said Max Meissner upon a judgment rendered on the 13th day of September, 1884, for the sum of $867.68; also setting forth the proceedings had in said county court on the intervention of the said Geilfuss and Gore, and claiming that said judgments of said *Bertha Meissner* and *Joseph Breslauer* are fraudulent and void as to said petitioner, and praying that the remainder of said fund in the custody of the said county court, after paying the judgments of the said Geilfuss and Gore, be paid over to the petitioner in part satisfaction of his judgment against said Max Meissner, instead of being paid over to the said *Bertha Meissner* and *Joseph Breslauer* as directed in said original order and judgment, and praying that said original order be modified so as to direct the residue of said fund to be paid to the said *Bertha* and *Joseph* "if there are no intervening creditors;" and also praying "that issues be framed between the petitioner and the said *Bertha* and *Joseph* to try the *bona fides* or the good faith of the judgments of the said *Joseph Breslauer* and *Bertha Meissner* as against the peti-

tioner." The appellant further states in his petition that there was an agreement between said petitioner and the said *Bertha Meissner* and *Joseph Breslauer* "in order to avoid costs and expenses, that in case the intervening creditors [meaning Geilfuss and Gore] should be successful, the balance of the money in the hands of the clerk, whatever the sum may be, shall be applied toward the payment of the judgment of the petitioner." All the material facts stated in the petition were denied under oath by the said *Bertha Meissner, Joseph Breslauer*, and A. Breslauer. Upon the hearing of the order to show cause, and upon the petition of the said *Moritz Meissner* and the denial of the matters stated in said petition, the said county court denied the application of the said petitioner, and ordered the residue of said fund to be paid over to the said *Bertha Meissner* and *Joseph Breslauer*, as ordered in said original order and judgment of said court. From this order the said *Moritz Meissner* appeals to this court.

For the appellant there was a brief by *M. N. Lando*, attorney, and *J. V. V. Platto*, of counsel, and oral argument by *Mr. Lando*.

For the respondents the cause was submitted on the brief of *E. P. Smith* and *Nath. Pereles & Sons*. To the point that the appellant had no standing in a court of equity because he had never obtained any lien under his judgment on the property in the hands of the sheriff, they cited *McDonald v. Allen*, 37 Wis. 108; *Allen v. Beekman*, 42 id. 185; *Breslauer v. Geilfuss*, 65 id. 377; *Nassauer v. Techner*, id. 388–391; *Wiggins v. Armstrong*, 2 Johns. Ch. 144; *Weil v. Lankins*, 3 Neb. 384; *Tennent v. Battey*, 18 Kan. 324; *Hall v. Striker*, 29 Barb. 105; *McMinn v. Whelan*, 27 Cal. 300.

TAYLOR, J. The *status* of this case seems to be as follows: The respondents have judgments against Max Meiss-

ner, upon which executions have been issued, and the property of Max Meissner has been sold upon such executions, and the money paid into court, where it was held subject to a litigation between said respondents and some of the creditors of Max Meissner. On the termination of such litigation a part of the money received upon such execution sale was paid to the other litigating creditors, and the balance was ordered to be paid over to the respondents. The appellant in the mean time has obtained a judgment against the said Max Meissner, and he now makes a motion to the court where said money is deposited to have the part heretofore ordered to be paid to said respondents paid over to him — *first*, on the claim that the judgments in favor of the said respondents are fraudulent and void as to the petitioner; and, *second*, upon the ground of an existing agreement between the petitioner and the respondents that it should be paid to him in case the former intervening creditors were successful in their litigation. The petition does not show that any execution has ever been issued on the judgment of the petitioner.

We think the petition of the appellant was properly denied, upon several grounds: *First*, he had no lien, by attachment or execution, upon the fund in the hands of the court; *second*, not having had an execution issued upon his judgment and returned unsatisfied, he has no standing in equity to have the fund applied to the payment of his judgment or to contest the validity of the judgments of the respondents; and, *third*, he had obtained his judgment in time to have intervened with the other intervening creditors and had his right protected in that proceeding, and neglected to do so.

If this proceeding can be maintained at all, it must be upon equitable grounds and as being a proceeding in equity to subject the property of a debtor, in the hands of his fraudulent grantee or assignee, to the payment of his debts.

It has been a long-established rule in this court, as in most courts, that a creditor cannot maintain such equitable action as a general creditor of the debtor, but must first procure a judgment against the debtor and exhaust his remedy upon such judgment by the issue and return of an execution unsatisfied, before he can maintain an action in equity to reach the property of the debtor which has been fraudulently conveyed. See *Montague v. Horton*, 12 Wis. 599, 606; *Hyde v. Chapman*, 33 Wis. 391, 399, 400; *Williams v. Sexton*, 19 Wis. 42; *Gates v. Boomer*, 17 Wis. 455; *Cornell v. Radway*, 22 Wis. 260. These cases make it certain that the appellant, upon the facts stated, could not maintain a creditors' bill to reach the money in question. And if a proceeding by petition and by motion of one creditor to reach money in the hands of a court, apparently belonging to another creditor of a common debtor, may take the place of a creditors' action, we are of the opinion that the petitioning creditor must show that he has exhausted his remedy at law against the common debtor, or he must show a specific lien upon the particular property or money sought to be reached, either by an attachment or execution levied upon the same or upon the property from the sale of which the fund has arisen, as was done in this case upon the intervention of the creditors of Geilfuss and Gore. This proceeding is neither a proceeding in aid of an execution, nor supplementary to an execution, nor a garnishment under the statute, and must therefore be sustained, if sustained at all, as a proceeding in the nature of a creditors' action in equity, and as such action the petition fails to state facts sufficient to sustain it. See sec. 3029, R. S. 1878.

The fact that the petition alleges that the petitioner was induced not to take steps to intervene as a creditor with the intervening creditors, Geilfuss and Gore, and have his rights determined in that proceeding, upon the strength of a promise made by the respondents that the balance of

---

the fund should be applied on his judgment if the intervening creditors succeeded, is a sufficient reason to justify the court in dismissing the petition, even if the petitioner had shown himself to have been otherwise entitled to be heard. He must by that act be held to have waived his right to intervene for this money in the hands of the court. If his statement in this regard be true, it is probable that the petitioner could maintain an action upon such promise, and protect himself in that way, and so render this equitable proceeding unnecessary.

We think that, upon all the facts appearing in the record, there was no error on the part of the county court in refusing to grant the prayer of the petitioner.

*By the Court.*— The order of the county court appealed from is affirmed.