Ahlhauser vs. Doud.

AHLHAUSER, Respondent, vs. DOUD, Administratrix, etc., imp., Appellant.

*September 8 — September 24, 1889.*

DEBTOR AND CREDITOR: EXECUTION: FRAUDULENT CONVEYANCES: RE-
  CEIVERS. *(1) Creditors' bill, when maintained. (2) Equity: Set-
  ting aside fraudulent claims in aid of execution. (3) Lien of
  execution. (4, 5) Receiver: Money paid for land taken for rail-
  road after levy of execution. (6) Change of venue: Order in one
  court for transfer of money in custody of another. (7) Payment
  of rents to receiver.*

1. An action in the nature of a creditors' bill to reach general assets
   which cannot be seized upon execution, cannot be maintained
   until execution is issued and returned unsatisfied in whole or in
   part, as provided in sec. 3029, R. S.
2. The right of a judgment creditor who has obtained a lien upon his
   debtor's property by the levy of an execution thereon, to maintain
   an equitable action to set aside fraudulent claims of third persons
   upon such property, exists independently of sec. 3186, R. S.
3. Conveyances in fraud of creditors being void (sec. 2320, R. S.), an
   execution levied upon lands of a judgment debtor constitutes a
   lien thereon although such lands had been fraudulently conveyed
   by the debtor before the judgment was obtained.
4. Where, after the levy of an execution upon land, a portion thereof
   has been taken by a railroad company, the court may, in an equi-
   table action to aid the execution by setting aside fraudulent con-
   veyances of the land, appoint a receiver to take and hold the
   condemnation money which has been paid by the railroad com-
   pany to the clerk of the court.
5. Sec. 1850, R. S. (providing for a determination of adverse claims to
   money paid for lands taken by a railroad company), does not take

away the right of the plaintiff in such equitable action to have his right to such money determined therein.

6. Where such money is in the hands of the clerk of the court for the county in which the lands were situated and in which such equitable action was properly brought, the court of another county to which such action has been removed may direct the transfer of such money to a receiver appointed by it.

7. In an equitable action by a judgment creditor to aid an execution which has been levied upon lands by setting aside fraudulent conveyances thereof, the plaintiff is not entitled to an order requiring the persons claiming under such conveyances, or their tenants, to pay over the rents or rental value of the lands to a receiver appointed in such action.

APPEAL from the Circuit Court for *Milwaukee* County.

The following statement of the case was prepared by Mr. Justice TAYLOR as a part of the opinion:

This is an action in equity, brought by the respondent against James W. Vail, William H. Landolt, and others. So far as the rights of the plaintiff and the appellant *Lucinda V. Doud* are concerned, the material facts stated in the pleadings are the following:

The plaintiff, by his complaint, shows that he had obtained a judgment against James W. Vail and William H. Landolt for upwards of $10,000; that an execution had been duly issued upon such judgment to the sheriff of Ozaukee county, where the lands in controversy are situated; that by virtue of such execution said sheriff had levied upon the real estate in controversy; that previous to the commencement of plaintiff's action and to the levy of such execution the defendant Vail, who had theretofore owned said real estate, had made a conveyance of the same to his son, Frank W. Vail, which the plaintiff charges to have been made for the purpose of defrauding his creditors, and he also charges that the same is fraudulent and void as to the plaintiff's judgment and execution. In an amended complaint, made after a mortgage given by said defendant

Vail upon said real estate, or a portion thereof, to Nicholas Kemp and Edward Blake had been placed upon record, the plaintiff alleges that said mortgage was fraudulent and void as to the plaintiff's judgment and execution.

The appellant alleges in her answer that she holds the title to said real estate by virtue of a deed of conveyance from Frank W. Vail, the grantee of said defendant Vail; that the mortgage given to Kemp and Blake was given to secure them against any liability they might incur as the sureties upon the bond of said James W. Vail as the administrator of the estate of Lyman Doud, deceased. She also alleges that the said James W. Vail has absconded from the state and been removed from his administratorship; that she has been appointed administratrix *de bonis non* of said estate; and that, at the time said Vail absconded and was removed as such administrator he was indebted to said estate in the sum of $27,000 for the value of the assets of said estate not accounted for by him as such administrator. She denies all fraud or intent to defraud by said Vail in giving said mortgage. She further alleges that the conveyances of said real estate by James W. Vail to his son Frank W. Vail were made to him on the agreement on the part of said Frank W. Vail " that he would take and hold said premises in trust for the benefit of the estate of Lyman Doud, deceased, and as security to make good to the said estate any and all sums which the said James W. Vail might then be owing or thereafter found indebted to the said estate for assets thereof which had come to the hands of the said James W. Vail as administrator of said estate." She further alleges that said Frank W. Vail took said conveyances and held the said premises under and in pursuance of said agreement and trust, and that he has since conveyed the said real estate to her as administratrix in pursuance of and in execution of said agreement and trust, and that she now holds the same as security for the said

estate, for the amount due the same from the said James W. Vail as administrator thereof. She denies all charges of fraud in the execution and delivery of said mortgage, and claims that she has the right to hold said real estate as administratrix, as security for all sums which may be found due from said James W. Vail as administrator of said estate. She makes no claim by her answer to any other part of the property or estate of the said James W. Vail, nor does she show that she has any equitable or legal lien upon any other part of the property, real or personal, of said Vail.

Among other things, the plaintiff prayed for the following relief: (1) For the appointment of a receiver of the property of said defendant Vail. (2) That the mortgage to Blake and Kemp, and the deeds to Frank W. Vail, also a deed to Mary B. Vail and Frank W. Vail, be adjudged fraudulent and void as against the plaintiff, and that the defendants be enjoined from selling or incumbering said real estate or other property of said defendants Vail and Landolt; that the plaintiff be declared to have a lien to the amount of his judgment and costs by virtue of said execution and garnishment upon the property described in his complaint, and all other property of every kind of either of the defendants, and for discovery and account.

There was no question made upon the hearing of this appeal, as to the sufficiency of the allegations of the complaint in charging fraud in the giving of the deeds by said defendant Vail to said Frank W. Vail, or in the giving of said mortgage.

Upon the amended complaint, and upon the answers of several of the defendants, and upon the affidavit of William H. Timlin, one of the attorneys for the respondent, showing that a part of said real estate, in which the appellant claimed an interest, had been condemned since the commencement of this action, and taken by the Milwaukee, Lake Shore &

Western Railroad Company; that upon such condemnation said railroad company had paid to the clerk of the circuit court of Ozaukee county the sum of $6,000 for the use of the owners thereof, as prescribed by sec. 1850, R. S.; and that said real estate, or some part thereof, was valuable for the rents and income thereof, and that the same could be rented and the issues and rents thereof preserved, the circuit court made an order appointing a receiver, the material part of which reads as follows: "That James M. Morgan be, and he hereby is, appointed receiver of the property, credits, and effects of James W. Vail, with the usual powers and duties, and with power to take, hold, and preserve during the pendency of this action, for the benefit of whoever may be decreed entitled thereunto, all the proceeds or condemnation money to be paid upon or growing out of the condemnation of part of the north 9-20 of the east half of the northeast quarter, section 32, township eleven (11) north, of range twenty-two (22) east, described in the complaint. That said receiver shall not take possession of or interfere with any other property, except upon application to the court and order of the court allowing him so to do. And it is further ordered that said receiver, before entering upon the discharge of said trust, execute and file, as required by the rules of this court, a bond in the penalty of thirteen thousand dollars, to be approved by this court. And it is further ordered that the defendants, and every one of them, during the pendency of this action, be, and they hereby are, enjoined or restrained from selling, assigning, or disposing of or incumbering any of the property or effects of the said James W. Vail."

The court afterwards, on the application of the plaintiff, made a further order in regard to the receiver, which reads as follows: "That the receivership of James M. Morgan, the receiver herein, be, and the same hereby is, extended to the rents or rental due upon the lands described in com-

plaint herein, and the same is hereby made a general receiver-ship of the property, credits, effects, and things in action of James W. Vail, and that the said receiver is hereby author-ized and empowered to collect and preserve the same, and to take and hold, or to collect, or to sell and convert into money, as to him may seem best, all the following described property of James W. Vail."

The appellant appealed from so much of the first order "as appoints James M. Morgan receiver in said action of the proceeds or condemnation money to be paid or growing out of the condemnation of certain lands described therein." She also appealed from so much of the second order "as directs that the receivership of said James M. Morgan be extended to the rents or rental due upon the lands described in the complaint in said action, and makes the receivership of said James M. Morgan a general receivership."

For the appellant there were briefs by *Quarles, Spence & Quarles*, and oral argument by *J. V. Quarles*.

For the respondent there was a brief by *Turner & Timlin*, and oral argument by *W. H. Timlin*.

TAYLOR, J.   The learned counsel for the appellant insists, first, that the court had no power, under the allegations of the complaint, to appoint a receiver for any purpose, and especially as to the proceeds of the real estate arising from the condemnation and taking of a part of the real estate in controversy by the railroad company.   It is claimed that, so far as the real estate is concerned, the facts stated in the complaint show that the plaintiff can have no further or other relief as against the appellant in this action than can be awarded in an action in equity in aid of an execu-tion which has been issued and levied upon the real estate claimed to belong to the defendant in the execution.   It is also insisted that in such action the court has no power to appoint a receiver under any circumstances; that the only

relief the plaintiff can have is to have the judgment of the court declaring the conveyances and incumbrances which have been placed upon such real estate fraudulent and void as to the plaintiff's judgment and execution, and to enjoin the defendants from making use of such fraudulent conveyances and incumbrances to the detriment of the plaintiff; and that, after such judgment in favor of the plaintiff, he must proceed upon his execution to collect his debt; and under no circumstances can the court appoint a receiver of the property to sell the property and apply the proceeds to the payment of the debt of the plaintiff, or, if the property be money, as in this case, to take the money and hold it subject to the order of the court.

We think the learned counsel for the appellant is right in his contention that the facts stated in the complaint only show that the plaintiff is entitled to the relief to which a plaintiff is entitled in an equitable action in aid of an execution at law. The facts stated are not sufficient to allow the plaintiff all the rights that a party is entitled to under a general creditors' bill. This court decided in *Graham v. L. C. & M. R. Co.* 10 Wis. 459, that the enactment of the Code abolished the right of a party to maintain an action in the nature of the old creditors' bill at common law. After that decision the legislature provided that a creditors' bill might be maintained in cases where an execution had been issued upon a judgment and returned unsatisfied in whole or in part. See ch. 303, Laws of 1860, and sec. 3029, R. S. 1878. Under the decision in *Graham v. L. C. & M. R. Co. supra,* and ch. 303, Laws of 1860, and sec. 3029, R. S., no action to reach the general assets of the defendant which cannot be seized upon the execution can be maintained until execution be issued and returned unsatisfied in whole or in part, as provided by said sec. 3029, R. S. See *Clark v. Bergenthal,* 52 Wis. 103, 107; *Galloway v. Hamilton,* 68 Wis. 655; *Meissner v. Meissner,* 68 Wis. 343;

*Gates v. Boomer*, 17 Wis. 455; *Hyde v. Chapman*, 33 Wis. 399, 400. The rule is so well established that it is hardly necessary to cite authorities to sustain it.

But there is another rule in regard to courts of equity which is well established, viz., that a party who has acquired a lien upon the real or personal property of his debtor by issuing and levying an execution upon property owned by him may maintain an action in equity to set aside and avoid the claims of third persons to such property, when the complaint alleges and shows that such other claims are fraudulent and void as against the plaintiff's right. This proposition is not contested by the learned counsel for the appellant, but they insist that, if the plaintiff has a right to maintain such action, such right is given by the last paragraph of sec. 3186, R. S., and is not a common-law right, and that under that section no relief can be granted by the court, except to adjudge that defendant's claim is void as to the plaintiff, and that, after obtaining such relief, the claimant must proceed to collect his judgment by sale upon his execution. In this contention we think the learned counsel for the appellant are mistaken.

The action to set aside fraudulent claims of third persons upon the property of a defendant in an action, upon which the plaintiff has obtained a lien by the levy of an execution against the defendant, is an action which courts of equity have entertained under their general equity powers, and has long been exercised by such courts, independently of any statute giving such right of action. The paragraph of the statute above cited was first enacted in the Revision of 1878, and while it may cover the case of a creditor claiming a lien upon the property of his judgment debtor by a levy of his execution thereon, and which is claimed by a third person, and which claim the creditor alleges is fraudulent and void as to him, it has not taken away any right which the creditor theretofore had to maintain his action

in a court of equity to contest the validity of such fraudulent claim in accordance with the established practice of such courts. But if this were strictly an action under the provision of the last paragraph of said section, it is far from being certain that the only relief which could be granted in such action would be the limited relief claimed by the learned counsel. It will be seen by reading the paragraph that the statute does not prescribe or limit the power of the court in granting relief in such action.

This action in aid of an execution and to remove fraudulent claims from property upon which the plaintiff has acquired a lien has been frequently entertained by the courts of this state after the passage of the Code and before the enactment of the paragraph of sec. 3186, R. S. 1878, so that it is apparent that this court has proceeded upon the supposition that such right of action was not taken away by the adoption of the Code, nor was it conferred by said sec. 3186, R. S. *Eastman v. Schettler*, 13 Wis. 325; *Gates v. Boomer*, 17 Wis. 455, 458; *Cornell v. Radway*, 22 Wis. 260, 264; *Galloway v. Hamilton*, 68 Wis. 651, 654; *Evans v. Laughton*, 69 Wis. 138, 144. In the opinions in the cases above cited numerous cases are cited in other courts sustaining the decisions of this court. So far as the action relates to real and personal property levied upon by execution, the authorities show that the action is an old and recognized action in equity. See note to *Yocum v. Bullit*, 17 Am. Dec. 187, and cases cited; *Jones v. Green*, 1 Wall. 330, 332; *Beck v. Burdett*, 1 Paige, 307; *Crippen v. Hudson*, 13 N. Y. 164; 3 Pom. Eq. Jur. § 1415, and cases cited in note 4.

It is claimed by the learned counsel for the appellant that the plaintiff in this action has not shown by his allegations that he had acquired any lien upon the real estate in question, and that it is essential to maintain this action, as well as to the action under the statute, that the plaintiff should have a lien upon the property in question before he

can maintain his action.   Their claim that the plaintiff must show that he has a lien upon the property in question is well founded, and unless the complaint shows a lien the plaintiff's action must fail.   The contention of the appellant that the complaint does not show any lien is founded upon the fact that the complaint clearly shows that the defendant Vail had conveyed the real estate levied upon, and now claimed by the appellant, long before the plaintiff had obtained judgment in his action, and before his attachment was served, and that it does not appear from the complaint that the defendant Vail was in the actual possession of such real estate at the time the attachment was made and execution levied; and it is claimed that, such being the admitted facts, neither the attachment, judgment, nor execution gave the plaintiff a lien upon the real estate in question as against the appellant.

This claim of the appellant is not sustained by the facts stated.   Taking the allegations of the complaint as true, it shows that the conveyances of said estate, and the mortgage given thereon by Vail, were all fraudulent and void as to the plaintiff, who is one of his creditors; therefore the deeds and mortgages, under sec. 2320, R. S., are absolutely void, and conveyed no estate to the grantees and mortgagee as against the claim of the plaintiff, and so the lien of the judgment and execution is perfect.   As against such conveyance the judgment creditor may, if he sees fit, proceed to sell the property so fraudulently conveyed, and perfect a title thereto, and such title, when perfected, will be a better title than that held by the fraudulent vendee, and will be enforced against him in an action at law, and without any recourse to equity.   As to personal property fraudulently conveyed by a debtor, the usual course is to proceed at law.   When the property can be seized by attachment or execution, the creditor proceeds in that way, and sells the property notwithstanding the claim of title

by the fraudulent vendee, and the title acquired by the judgment creditor upon his execution sale is a good defense to an action of trespass, trover, or replevin by the fraudulent vendee. It is held, also, that the creditor may proceed against real estate which has been conveyed in fraud of creditors by judgment, execution, and sale, and that the title acquired by the execution sale will be a good title and a perfect defense to an action by the fraudulent grantee to recover the real estate so sold by the creditor, and that the purchaser at such execution sale may recover the premises from the possession of the fraudulent vendee in an action of ejectment, founding his title upon such sale on execution. Freeman on Executions, § 136, and notes. It is clear, therefore, that the execution creditor obtains a lien upon the real estate of his debtor by virtue of his judgment and execution, notwithstanding the claim of the fraudulent grantee. Such is the decision of this court in the cases above cited, and is the rule well established in other courts. See Freeman on Executions, § 136, and the cases cited in the notes to said section. The case of *Chautauqua Co. Bank v. Risley*, 19 N. Y. 369, 375, clearly supports the doctrine of the judgment creditor's lien upon the real estate of the debtor, notwithstanding the debtor has fraudulently conveyed such real estate before the judgment was obtained.

But if there was any question as to the right of the plaintiff to maintain his action upon the facts stated in the complaint, as not showing that he had acquired a lien upon the real estate in question, the answer of the appellant would show that plaintiff's judgment was a lien upon the real estate claimed by the appellant. She alleges that the deed to Frank W. Vail, under which she claims, was given as security for any debt which the estate of Doud might have against the defendant in this action on account of his administration of the estate of said Doud, and that she claims to hold under that deed by a conveyance to her from

Frank W. Vail. This would be, therefore, a mortgage in trust, and brings this case within the rule of the case of *Evans v. Laughton*, 69 Wis. 138.

We hold the complaint states facts constituting a cause of action in equity, and entitling the plaintiff to a part of the relief claimed. He is entitled, if he establishes his claim, to a judgment declaring the mortgage and conveyances set out in the complaint as fraudulent and void as to him, and that the said real estate shall be sold, relieved of any claim under such mortgage and conveyance.

It is further claimed by the counsel for the appellant, that, admitting the respondent entitled to the relief above stated, he is not in this action entitled to the appointment of a receiver of the money in the hands of the clerk, which was paid in by the railroad company as the consideration for taking a part of the lands in question, since the commencement of this action and after the plaintiff had levied his execution thereon. It will be seen by an examination of the first order appealed from that the court by its general language appointed a receiver of all the property and effects of all the defendants in the action, but for the time being limited his powers to taking possession of and holding for the benefit of all parties the condemnation money paid to the clerk of the court of Ozaukee county, as the consideration for taking a part of the property in controversy in this action after the commencement thereof. The appellant appealed from that part of the order only which directed the receiver to take possession of the condemnation money. The only question raised upon the appeal from the first order is whether the court has power, in an action in aid of an execution, to appoint a receiver under any circumstances. We think this question must be answered in the affirmative. The object of the action is to secure to the plaintiff the benefit of the property upon which he has obtained his lien by judgment and execution. Ordinarily,

when the property levied upon is real estate, the only relief
the plaintiff can reasonably demand is that the obstructions
to his execution sale shall be swept away, so that he may
have a sale from which he can realize a fair value for the
property sold, and the law leaves him to proceed and sell
upon his execution, and leaves to the defendant and the other
judgment creditors of the defendant his and their right of
redemption and possession of such real estate during the
time given for such redemption and the perfection of the
plaintiff's title. In this case it appears that since the plaint-
iff levied his execution upon the real estate the title to a
part of such real estate, both as to the plaintiff and defend-
ants, has been divested under a proceeding authorized by
law, and that there has been substituted in its place a sum
of money, and this money is the only thing now remaining
to which either of the parties to the action can have any
claim. It is very clear that if the plaintiff should by virtue
of his execution go on and sell this real estate taken by the
railroad company, he would obtain no title thereto. See,
upon this question, *Watson v. N. Y. C. R. Co.* 47 N. Y. 157.
The money which has been substituted for the real estate
is in the possession of the clerk of the court of Ozaukee
county, where it is subject to be claimed by those who
appear upon the records to be the owners of such land.
Although, as against the railroad company, the plaintiff has
lost all title to the land in question, it is very clear that by
his judgment and execution before the company divested
the title he has, if he establishes his right to the land as
against Vail and his grantees, a right to the money which
has been substituted by law in the place of such lands.

It is urged that there was no necessity for the transfer of
this money to the possession of a receiver in this action;
that the rights of the parties to such money in the hands
of the clerk of the circuit court of Ozaukee county might
be determined in a proceeding under the provisions of sec.

1850, R. S. We are inclined to hold that the provisions of said section in regard to the distribution of the money so in the hands of said clerk were not intended to apply to a controversy of the kind presented by this action, and that in any event that section does not take away the right of the plaintiff to have his right to such money determined by a court of equity in this action.

It is also urged that the money paid to the clerk of the court is in *custodia legis*, and should not therefore be taken from that court in an action in another court. It may be questionable whether the payment of the money to the clerk under said section is a payment of it to the court. If there were no questions raised as to who was the owner and entitled to the money, a payment of such money by the clerk to the owner without any order of the court would be a good payment, and the clerk would not be guilty of any wrong in making such payment.

The objection that the present action is in another court, and that therefore this court has no authority to direct the transfer of money in the possession and control of such other court, is answered by the fact that this action was commenced in the county of Ozaukee, and, although removed for some cause to Milwaukee county, yet, as to the objection that it cannot act because the money is in the possession of the circuit court of Ozaukee county, it must still be treated as an action in the county in which it was commenced. This would certainly be the rule, unless the case was removed to Milwaukee county because it was improperly brought in Ozaukee county.

That there is nothing in the nature of an action in equity which is brought in aid of execution to prevent the appointment of a receiver of the property of the defendant upon which the execution has become a lien, see *Rose v. Bevan*, 10 Md. 466; *Beam v. Bennett*, 51 Mich. 148.

In the case at bar all the parties who have any claim to

the condemnation money are before the court, and it is clear that the plaintiff is entitled to have that money preserved intact until his claim thereto is settled, and that right must be settled in this action.    We think that the court had therefore authority to appoint its own receiver to hold the possession thereof until the rights of the parties in this action were settled, and then to direct its officer to pay it over to the party or parties entitled thereto.

The appeal from so much of the second order as " directs that the receivership of James M. Morgan be extended to the rents or rental due upon the lands described in the complaint in said action, and makes the receivership of said James M. Morgan a general receivership," presents a different question.    It is an attempt to appropriate the rents and profits of real estate upon which a judgment creditor has a lien by judgment and execution and is proceeding to enforce a sale thereof upon his execution to pay such judgment.    We think the plaintiff was not entitled to this relief in this case.    So far as the appellant is concerned, we have treated this case as an action in equity to aid the plaintiff in executing his writ and obtaining a fair sale upon the same of the real estate seized thereon, and as to the appellant the plaintiff can have no other relief.    Such relief does not include a right to have the rents and profits of the real estate, pending the litigation, applied to the payment of the judgment.    It does not appear but that the property levied upon will satisfy the plaintiff's judgment.

We do not decide that a judgment creditor may not in any case have the rents due from the tenants of the judgment debtor to him applied to the payment of such judgments.    All we decide is that, in an action by a judgment creditor in equity to aid an execution which has been levied upon real estate by removing from such real estate conveyances and incumbrances fraudulently placed thereon, the plaintiff is not entitled, as against the persons claiming

such real estate under the alleged fraudulent conveyances, to an order requiring them or their tenants of such real estate to pay over the rents or rental value of such lands to a receiver appointed in such action.

Whether the plaintiff was entitled to the appointment of a general receiver of the property of the defendant in this action is a question in which the appellant does not seem to have any interest, and therefore this court is not called upon to determine the question.

*By the Court.*— That part of the first order appealed from which appoints a receiver and directs the condemnation money to be paid over to such receiver, is affirmed; and that part of the second order appealed from which "extends the receivership to the rents and rentals due upon the lands described in the complaint" is reversed. Each party will pay his own costs of this appeal, respondent to pay the clerk's fees. The cause is remanded for further proceedings according to law.