THE NORTHWESTERN IRON COMPANY, Respondent, vs. THE CENTRAL TRUST COMPANY OF NEW YORK, imp., Appellant.

*April 27 — September 26, 1895.*

*Equity: Creditor's bill: Insolvent foreign corporation: Appeal.*

1. A creditor's bill cannot be entertained, under the general equity powers of the court, unless it appears that the creditor has made an effort in good faith to collect his judgment by execution, and that he has fairly exhausted, without avail, his remedy at law.

2. Where the creditor knows that the debtor has a place of residence and business and a large amount of property subject to levy in one county, the issuing of an execution to another county in which he has no reason to expect to find property does not show an effort in good faith to collect his judgment.

3. The fact that the property mentioned is subject to prior levies, some of which are alleged to be fraudulent and void as against plaintiff's judgment, does not show that he has no adequate remedy at law, where it does not appear what the value of the property is nor whether it would probably be sufficient to pay the valid levies upon it with plaintiff's judgment.

4. Secs. 3216–3228, R. S., providing for proceedings against insolvent corporations, apply only to those "incorporated under the laws of this state." [Whether equivalent relief can be given in an ordinary creditor's action against a foreign corporation having property in this state, not determined.]

5. In a creditor's action, another creditor demurred to the complaint and appealed from an order overruling the demurrer. Upon affidavits showing that the appellant had filed its claim as a creditor in the action, the respondent moved to dismiss the appeal on the ground that the appellant had adopted the complaint and was estopped from questioning its validity. *Held*, that the motion should be denied. The facts stated, if they could be considered, make only against the right to demur and not against the right to appeal, and the proper remedy would be by motion in the court below to strike out the demurrer.

APPEAL from orders of the superior court of Milwaukee county: J. C. LUDWIG, Judge. *Reversed.*

This is an appeal from an order overruling a demurrer to

the complaint, and from an order refusing the appellant leave to bring an action to foreclose its mortgage upon certain property in the custody of a receiver. The following is the substance of the complaint, so far as necessary to an understanding of the purpose and scope of the action and the questions to be decided.

The plaintiff is a domestic corporation. The defendant West Superior Iron & Steel Company is a foreign corporation, existing under the laws of the state of Minnesota. Its place of business, where it has a large amount of property, is in Douglas county in this state. It does not appear that it has either a place of business or property in any county of this state, other than Douglas county. The plaintiff obtained a judgment against this defendant in the circuit court of Milwaukee county, which it at once docketed in Douglas county. On this judgment it afterwards issued an execution to the sheriff of Milwaukee county, who returned it entirely unsatisfied on the day of its date. The plaintiff then commenced this action, on behalf of itself and all other creditors of the defendant, in Milwaukee county. The defendant is wholly insolvent. Twenty-two parties, who are made defendants, have obtained judgments and liens upon its property by levy of executions or attachments or by garnishment. Two creditors claim mechanic's liens upon certain of its property. *The Central Trust Company*, the appellant, has two mortgages upon its real and personal property. The total amount of its indebtedness is in excess of $2,000,000. The probable amount of its assets is not stated. Its property comprises an iron and steel plant at Superior in Douglas county in this state, with materials, supplies, and tools, of large aggregate value. The greatest element of value in this property is the adaptability and usefulness of each part in connection with the whole. The value of any single part, separately, is very small in comparison with its value as a part of the whole. Except by a single, aggregate sale of

the whole, no advantageous sale could be made. On account of the large number of judgments and other liens, some of which are contested, no adequate price would probably be realized on a sale of the property subject to these liens and incumbrances. So, it seems that the best promise of realizing a suitable and adequate price, and so of promoting the interests of all the creditors, is by an aggregate sale, free from liens and incumbrances. This makes it necessary that all creditors having liens upon the property be made parties to the action. Twelve of the defendants are stockholders of the principal defendant, who have only in part paid their subscriptions to the capital stock of the corporation. The constitution and laws of Minnesota make the stockholders liable to the creditors of the corporation, not only for the amount unpaid of the capital stock, but for an additional amount equal "to the amount of stock held and owned by them." The plaintiff does not know the names of the stockholders of the defendant, other than those who have been made defendants. The action was commenced April 18, 1894. The principal defendant appeared in the action and answered on April 19, 1894. On the same day the court made an order declaring the defendant insolvent and appointing a receiver of the property.

The relief asked is that the West Superior Iron & Steel Company be declared insolvent; that all its property and assets situated within this state be sequestered and a receiver thereof appointed; that a discovery be had of its stockholders, and of the amount of stock owned by each, with the amount unpaid upon their stock subscriptions; that the stockholders be required to pay the amount unpaid upon their stock subscriptions, with a sum equal to the amount of capital stock held by each of them; that all other stockholders so discovered be joined as defendants; that the sheriff of Douglas county turn over to the receiver all property in his hands by virtue of levies of executions or attachments;

that the court direct a just and fair distribution of the property of the defendant among its creditors; that all other actions be enjoined; that creditors having liens be required to turn over to the receiver all property subject to their claims or liens, to be thereafter adjusted in this action; that all creditors of the defendant be required to exhibit their claims and become parties to the action; and that the property of the defendant be sold as a whole, free and clear of incumbrances.

The appellant, *The Central Trust Company*, demurred to the complaint on two grounds: (1) That the court had no jurisdiction of the subject of the action, and (2) that the complaint did not state facts sufficient to constitute a cause of action. This demurrer was overruled, and from the order the appellant appeals.

The appellant also moved for leave to serve process upon the receiver and to make him a party in foreclosure proceedings which it desired to commence for the foreclosure of its mortgage against the principal defendant. The court denied the motion. From the order denying the motion the appellant appeals.

For the appellant there was a brief signed by *E. F. Mc-Causland*, attorney, and *Butler, Stillman & Hubbard* and *Cotton, Dibell & Reynolds*, of counsel, and oral argument by *J. W. Reynolds*. They argued, among other things, that the suit was evidently instituted under ch. 86, R. S., but that chapter applies only to *domestic* corporations. There is no precedent or foundation for such a proceeding at common law, in the absence of a statute. Without statutory authority, the court possesses no visitorial powers over even *domestic* corporations. *Van Pelt v. U. S. M. Springs Co.* 13 Abb. Pr. (N. S.), 325; *Att'y Gen. v. Utica Ins. Co.* 2 Johns. Ch. 371; *Verplanck v. Mercantile Ins. Co.* 1 Edw. 84; *Ferris v. Strong*, 3 id. 127; *Fisher v. World Mut. Ins. Co.* 15 Abb. Pr. (N. S.), 363; *Clinch v. South Side R. Co.* 1 Hun, 636;

*Rochester v. Bronson,* 41 How. Pr. 78; *North State C. & G. M. Co. v. Field,* 64 Md. 151; *Ballin v. Loeb,* 78 Wis. 404. Sequestration proceedings cannot be taken against foreign corporations. 4 Wait, Pr. 202; *McBride v. Farmers' Bank,* 28 Barb. 476; *Republican M. S. Mines v. Brown,* 58 Fed. Rep. 644; *Stafford v. Am. Mills Co.* 13 R. I. 310; *Burgoyne v. E. & W. R. Co.* 13 N. Y. Supp. 537; *Day v. U. S. C. S. Co.* 2 Duer, 608. No execution was ever issued on the judgment docketed in Douglas county, where the debtor's property is shown to be located. The only hypothesis upon which proceedings of this kind are justified is that there can be found no property of the debtor upon which an execution may be levied or the debt realized. No other conditions justify the invoking of the equity powers of the court, yet the complaint shows just the contrary state of affairs. Vast areas of real estate in Douglas county, still standing in the debtor's name and all subject to the lien of the plaintiff's judgment, are scheduled in the complaint, but no reason or excuse is offered for not proceeding in the manner pointed out by the statute for the collection of the judgment. Equity procedings will not lie under such circumstances. *Livingstone v. Arnoux,* 15 Abb. Pr. (N. S.), 158; *National T. Bank v. Wetmore,* 124 N. Y. 250; *Dunham v. Cox,* 10 N. J. Eq. 437; *Payne v. Sheldon,* 43 How. Pr. 1; *Lansing v. Easton,* 7 Paige, 364; *Walker v. White,* 36 Barb. 592; *Watson v. N. Y. C. R. Co.* 6 Abb. Pr. (N. S.), 91; *Scouton v. Bender,* 3 How. Pr. 185; *Chautauque Co. Bank v. White,* 6 Barb. 589; *S. C.* 6 N. Y. 236; *Klee v. E. H. Steele Co.* 62 N. W. Rep. 399; *Williams v. Sexton,* 19 Wis. 42.

For the *Pittsburgh Iron & Steel Engineering Company* there was a brief by *Victor Linley,* attorney, and *Walter Ayers,* of counsel. They argued, among other things, that the affairs of this corporation could in no event be wound up by a Wisconsin court. The double liability of stockholders could be enforced only in Minnesota, the law of

which provides a statutory remedy which is held to be
exclusive. *McKusick v. Seymour-Sabin Co.* 48 Minn. 158;
*Mohr v. Minnesota Elevator Co.* 40 id. 343; *Johnson v.
Fischer,* 30 id. 173; *Allen v. Walsh,* 25 id. 543; *May v.
Black,* 77 Wis. 104. Before entertaining a creditor's bill it
is essential that the judgment creditor shall have, *in good
faith,* issued his execution, and that the same shall have
been returned unsatisfied by the officer, who shall have made
all reasonable and diligent search for real and personal
property, not exempt from sale, upon which to levy. *Clark
v. Bergenthal,* 52 Wis. 103, 108; *Gilbert v. Stockman,* 81 id.
602. The execution should be issued to the county of the
debtor's residence, and to every county in which the debtor
is known to have property. *Duran v. Gray,* 129 Ill. 9. An
allegation of insolvency will not dispense with the formal
return of the execution unsatisfied. *National T. Bank v. Wet-
more,* 124 N. Y. 241; *Adsit v. Butler,* 87 id. 585; *Estes v.
Wilcox,* 67 id. 264; *Allyn v. Thurston,* 53 id. 622; *Wadsworth
Schisselbauer,* 32 Minn. 87; *Gilbert v. Stockman,* 81 Wis. 602.

For the *Land & River Improvement Company* the cause
was argued orally by *Geo. P. Miller.*

*John F. Harper,* for the respondent, contended, *inter alia,*
that this action is a common-law creditor's bill, brought at
the instance of a judgment creditor, to administer the assets
of an insolvent corporation for the benefit of all its creditors,
and to enforce its unpaid stock subscriptions and the statu-
tory liability of stockholders, and also to discover and reach
its equitable assets for the satisfaction of its debts. The
fact that the defendant is a foreign corporation is immate-
rial; the action is not statutory, and it does not turn on any
peculiarity of domestic corporations. It is based on the fact
that the defendant is insolvent, that it has stock subscrip-
tions and other equitable assets which cannot be reached by
execution, and that the plaintiff is unable to satisfy its claim
at law. Independently of statute, a judgment creditor can

bring an action for the administration of the assets of a foreign corporation. 2 Cook, Stock, § 867; *Smith v. St. L. M. L. Ins. Co.* 3 Tenn. Ch. 502, 505; *Murray v. Vanderbilt*, 39 Barb. 140, 147; *Redmond v. Hoge*, 3 Hun, 171, 175, 176. The unpaid stock subscriptions of an insolvent foreign corporation are an equitable asset, which can be reached only by a creditor's bill brought in behalf of all creditors and necessitating an administration of the corporate assets. *Handley v. Stutz*, 137 U. S. 366; *S. C.* 139 id. 417, 427; *Shickle v. Watts*, 94 Mo. 410; *Griffith v. Mangam*, 73 N. Y. 611; *Bartlett v. Drew*, 57 id. 587; *Holmes v. Sherwood*, 3 McCrary, 405; 1 Cook, Stock, § 205; 2 Morawetz, Priv. Corp. § 866. A creditor's bill of this kind, to reach unpaid stock subscriptions and administer the assets of a corporation, is a common-law proceeding, independent of statute. *Adler v. Milwaukee P. B. Mfg. Co.* 13 Wis. 57; *Pierce v. Milwaukee Const. Co.* 38 id. 253.

The following opinion was filed June 20, 1895:

NEWMAN, J. The plaintiff's attorney defines this to be "a common-law creditor's bill, brought at the instance of a judgment creditor, to administer the assets of an insolvent corporation for the benefit of all its creditors, and to enforce its unpaid stock subscriptions and the statutory liability of stockholders, and also to discover and reach its equitable assets for the satisfaction of its debts." The first question raised by the demurrer is the jurisdiction of the court to entertain a creditors' bill, under the general equity powers of the court, upon the facts stated in the complaint. It clearly has no jurisdiction under the statute providing for "proceedings against insolvent corporations" (R. S. secs. 3216–3228), for the statute itself limits these proceedings to corporations incorporated under the laws of this state. It is no part of the general function of a court of equity to enforce the payment of debts. A creditor at large has no standing in a

court of equity for that purpose. It is only after the creditor has taken and exhausted all the means within his power, at law, that he has standing to ask the aid of equity to discover and apply the debtor's property to satisfy his claims. So it is necessary to the jurisdiction of a court of equity, in actions of this nature, that it shall be made to appear that the creditor is unable to obtain satisfaction of his debt by seizing property under an execution. To this end it must appear, not only that he has recovered a judgment, but that he has made an effort to collect his judgment by execution, and that his effort has been unavailing. The court must be satisfied that there has been an effort in good faith made by the creditor to collect his judgment, and that he has fairly exhausted, without avail, his remedy at law. Ordinarily the issue of an execution on the judgment, and its return unsatisfied, are sufficient to show, in the first instance, that the remedy at law has been exhausted. But if it shall appear that no effort in good faith was made to find property whereon to levy, and that the debtor owned property subject to levy within the state which might with reasonable diligence have been found, the case does not call for the interposition of a court of equity. To furnish satisfactory evidence that the remedy at law has been in good faith exhausted, the execution must be issued to some proper county, either to the county of the debtor's residence or where he has a place of business, if he has such within the state, or, at least, to some county, if any, where the creditor has reason to believe there is property of his debtor subject to levy. For to issue an execution to a county which is not the place of the residence of the debtor, and where the creditor has no reason to expect to find property of his debtor, does not show an effort in good faith to collect the debt by execution. This would be especially true in a case where the creditor knew that in another county the debtor had a place of residence and business and a large amount of property subject to levy

under his judgment. *In re Remington,* 7 Wis. 643; *Clark v. Bergenthal,* 52 Wis. 103; *Ahlhauser v. Doud,* 74 Wis. 400; *Child v. Brace,* 4 Paige, 309; *Dunlevy v. Tallmadge,* 32 N. Y. 457; *Bassett v. Orr,* 7 Biss. 296; *Durand v. Gray,* 129 Ill. 9; 2 Van Santv. Eq. Prac. (2d ed.), 130; 2 Barb. Ch. Prac. (2d ed.), 150, note 6, and cases cited.

In the instant case the debtor is a foreign corporation. It has a place of business, and a residence for business purposes, in Douglas county within this state. It has in that county a large amount of property, both real and personal. It does not appear that it has a place of business or property in any other of the counties of this state. The plaintiff was not ignorant of this situation. It docketed its judgment promptly in Douglas county, so that it became a lien on its debtor's real property in that county. But, for some reason which does not appear, it issued the execution on its judgment to Milwaukee county, where, so far as appears, it had no reason to expect to find property of its debtor whereon to levy, and had it returned on the same day of its issue. This is not affirmative evidence of an attempt in good faith to collect its judgment on execution. The debtor had a large amount of property in Douglas county, which was subject to the lien of the judgment and the levy of an execution upon it. True, the property was subject to prior levies. But the plaintiff alleges that some of those were fraudulent and void as against its judgment. It does not appear what was the probable amount and value of the debtor's property, nor whether it would probably be sufficient to pay the valid levies upon it with the plaintiff's judgment. So it cannot be known whether a levy would have produced satisfaction of the plaintiff's judgment. On this showing the court cannot be satisfied that the plaintiff has no adequate remedy at law, for it has not in good faith tried to enforce its remedy at law. So a case for the interference of a court of equity by creditors' bill is not made by the complaint.

Nor does the complaint state a cause of action for equitable intervention in aid of its judgment lien upon its debtor's real property, or in aid of the enforcement of its judgment by execution against its personal property. It has the lien of its judgment upon the real property, but it states no reason why the lien of its judgment should be preferred, in equity, to the prior liens upon it, and it asks no such relief, and it has no lien upon the personal property to be either perfected or aided. *Galloway v. Hamilton,* 68 Wis. 651; *Ahlhauser v. Doud,* 74 Wis. 400; *Gilbert v. Stockman,* 81 Wis. 602; *Rozek v. Redzinski,* 87 Wis. 525. The complaint states no cause of action calling for the intervention of a court of equity for that purpose.

So the complaint is found to state no case for a common-law creditors' action, nor for equitable inteference in aid of its lien upon its debtor's property; nor does it state a cause of action under the statute which provides for " proceedings against insolvent corporations." R. S. secs. 3216–3228. While those sections give a remedy seemingly equivalent to that desired by the plaintiff, the case is not within the statute, because, by the terms of the statute itself, the remedy which it provides is limited to the case of " corporations incorporated under the laws of this state," while the debtor is a foreign corporation. Perhaps equivalent relief could be given in a common-law creditors' action against a foreign corporation. The authorities are at variance on that question. Many able courts are ranged upon either side of it. It is not clear upon which side is the weight of authority. But its decision is not necessary to the decision of this case. For, as already seen, no case is made by the complaint for a common-law creditors' action.

The demurrer to the complaint should have been sustained, and leave should have been given to the *Central Trust Company* to serve process upon the receiver.

*By the Court.*— Both orders of the superior court of Milwaukee county appealed from are reversed, and the cause

remanded with directions to grant an order sustaining the demurrer and for leave to the appellant to bring suit to foreclose its mortgages, and for further proceedings according to law.

PINNEY, J., took no part.

The following opinion was filed September 26, 1895:

PER CURIAM. This is a motion by the respondent to dismiss the appeal of the *Central Trust Company*. The appeal itself was from two orders made by the superior court of Milwaukee county, the one overruling the appellant's demurrer, and the other denying the appellant's motion for leave to serve process upon the receiver of the defendant West Superior Iron & Steel Company. This court reversed both orders June 20, 1895. Upon affidavits showing that the defendant *Central Trust Company* had filed a claim as a creditor against the defendant West Superior Iron & Steel Company in this action, the respondent on the 18th day of July made this motion to dismiss the appeal of the *Central Trust Company* for the reason that by filing its claim it had adopted the complaint herein as its own and was estopped from questioning the validity of the complaint.

This motion must be denied. On demurrer, only the pleadings can be considered. *Magdeburg v. Uihlein*, 53 Wis. 165. Even if the facts alleged in the affidavits could be considered at all, they only make against the right to demur and not against the right to appeal. They tend to show that the appeal was wrongly decided, not that it should be dismissed. Motion should have been made in the court below to strike out the demurrer on the facts stated in the affidavits, and if the motion were denied, then, upon appeal, the question would be before us.

The motion is denied.