### GONDER v ALER CO

Ohio Appeals, 2nd Dist, Franklin Co

No 2076.  Decided Oct 30, 1931

L. C. Stillwell, Mt. Vernon, J. R. Clutter, Columbus, for plaintiff in error.

Arnold, Wright, Purpus & Harlor, Columbus, for defendant in error.

HORNBECK, J..

The plaintiff claims that the testimony establishes negligence of defendant's agent, Johnson, and does not require an inference of contributory negligence of the plaintiff. Although there is marked conflict in the testimony of the plaintiff and Johnson, both of whom were offered as plaintiff's witnesses, we are required to view the evidence in its most favorable light for the plaintiff, even though conflict may arise from the statements of different or the same witnesses.

**Pope, Admr v Mudge et al, 108 Oh St 192.**

We then have no hesitancy in holding that the Court was required to say that the jury could find from the evidence that there was negligence on the part of Johnson, the agent of defendant company, if he was at the bottom of the elevator shaft, as and when the plaintiff testified he was, in pulling the elevator down without looking up to see whether or not plaintiff had removed his head from a position of danger or in failing by way of warning to call up the elevator shaft.

But the more difficult question relates to the suggestion or inference of contributory negligence against the plaintiff.

If reasonable minds may differ as to whether or not the plaintiff failed to exercise ordinary care in taking the position in the elevator shaft that he did, then it became a question of fact for the jury to

456

determine and not for the Court.

An elevator shaft is so obviously a dangerous place that unless some reasonable excuse appears to justify a person in placing any part of his body in the shaft in the way of an elevator, which may at any time be moving up or down, it is evident that it is careless and negligent so to do. The plaintiff was justified in proceeding to the elevator shaft to communicate with Johnson upon the suggestion of the clerk and in construing what was 'said to him as an invitation to talk down the elevator shaft, but this did not warrant him in placing himself in a position of danger, nor could it be anticipated that he would do so in complying with the invitation.

It is true that because two. of the slats were off the gate he could get his head through it and into the elevator shaft, but this did not in any wise minimize his appreciation of the peril in so acting. There is no claim that the plaintiff did not know that the car moved up and down this elevator shaft and might be moving while he had his head in it. This is not a case of an open gate to an elevator, a darkened room and a situation wherein the plaintiff might have been led to believe that he might safely proceed onto the elevator as a passenger, but it is a situation which was obvious and was as apparent to him as it would have been to any one else.

The trial judge in overruling the motion for a new trial cited six cases to support his position (from states other than Ohio), where courts had held that to place one's head in an elevator shaft was contributory negligence. It is observed by counsel for plaintiff that in the jurisdictions from which the cited cases come the scintilla rule is not in effect. Even so, the language of the courts in three of the cases, Knapp v Jones, 50 Neb., 430; Peake v. Buell, 90 Wis., 580; and Murphy v. Jordan, 151 Mass., 121, clearly discloses that upon the the test of the scintilla rule contributory negligence was suggested in the situations presented, all of which were analagous to the occurrences in the instant case.

We recognize that the scintilla rule is in effect in Ohio, and that it is the obligation of the trial court at all times to accept it without modification and to submit to the jury any question of fact which is within its province to determine, but are of opinion that in this case reasonable minds could not differ in concluding that plaintiff's most favorable evidence suggested contributory negligence on his part, and that the court in instructing a verdict for the defendant acted correctly.

The judgment will therefore be affirmed.

KUNKLE, J, concurs; ALLREAD, PJ, dissents.