## CORNELL vs. RADWAY and others.

EQUITY: *Action by judgment creditor, to remove fraudulent obstacles to levy of execution.—Rights of administrator of deceased debtor ; whether to be made a party.—Pleading.*

1. Where one has a judgment which would be a specific lien on certain land of the debtor, he may bring an action to have a conveyance of said land to a third party adjudged fraudulent; and this, whether he has issued a valid execution (returned unsatisfied), or not.

2. Although the administrator is authorized (R. S., chap. 100, secs. 16–18) to sue for real estate conveyed by a deceased person in his life time with intent to defraud creditors, this does not affect the judgment creditor's right to maintain his equitable action.

3. In such an action, where the debtor is deceased, his administrator is not a necessary party defendant, the proceeding being for the benefit of the estate.

4. An averment that an execution was "duly issued," is sufficient, without expressly alleging leave of court where that was required by law.

APPEAL from the Circuit Court for *Rock* County.

The complaint avers, in substance, that on the 20th of May, 1864, Daniel Radway was owner in fee of certain described land in said county (N. ½ of S. ⅔ of W. ¾ of a quarter section), under a deed of conveyance duly executed and delivered to him, for a good and valuable consideration, by one Charlotte Hunter, about February 9, 1863, which conveyance was taken by said Daniel for his own sole and exclusive use, and the consideration paid by him, and no other person acquired any interest in the land by said purchase; that said Daniel retained possession of said deed, claiming and holding title to the land by virtue thereof, until January 31, 1865, but it was never recorded; that upon the execution and delivery of said deed, he entered into possession of the premises under it, and at all times thereafter continued to hold, occupy and possess them and receive the rents, issues and profits, as absolute owner under and by virtue of said deed, until his death, August 2, 1865; that on said 20th of May, 1864, the plaintiff in this action duly recovered a judgment in said court against said Daniel for $1,443, which was duly docketed, and the judgment roll duly filed, etc., on the same day, and said judgment thereupon became and has ever since remained a lien on said premises, and has never been reversed, annulled, or in any manner satisfied or discharged; that afterwards, to-wit, on said 31st of January, 1865, for the purpose of defrauding plaintiff, and hindering and delaying him in the collection of said judgment, said Daniel fraudulently destroyed said deed, and at the same time fraudulently procured said Charlotte Hunter to execute instead thereof a deed to the defendant *Jones* of the same lands, and to deliver

the same to him, said Daniel, which deed bore date the day and year last aforesaid, and was duly signed, witnessed and acknowledged according to law; that said Daniel caused the same to be recorded in the proper office, on the 13th of February, 1865; that no consideration was paid or agreed to be paid by *Jones* to any person for the execution and delivery of said conveyance, or for said lands, but the deed was obtained by collusion between said Daniel Radway, *Jones* and Charlotte Hunter, solely for the purpose of fraudulently avoiding the lien of said judgment, etc., etc.; that *Jones* has never had possession of the land, nor received the rents and profits thereof, nor sought to exercise any control over it or them, but ever since the death of Daniel Radway, the land has been occupied as his estate, and the rents and profits have been received by the administrator. The complaint then states the names of the widow and heirs of said Daniel Radway, who are made defendants along with said *Jones;* but neither the administrator nor said Charlotte Hunter is made a party. It further avers that on the 10th of November, 1866, an execution upon said judgment was duly issued against the property of said Daniel Radway; that the sheriff has levied upon said land as the property of said Daniel, and has advertised it for sale under said execution; that at the death of said Daniel, he did not own any personal property liable to sale on execution, and beside the land in question owned no real estate on which said judgment became a lien, or that was liable to sale on execution; that the estate of said Daniel is insolvent; and that he never sold or conveyed said land to any person, and it has not been sold or conveyed since his death. Prayer, for judgment, that the deed from Charlotte Hunter to *Jones* is void, and be set aside; that the fee of the land passed to Daniel Radway by the first mentioned deed, and continued in him till his death; that plaintiff's said judgment became a lien on the land, and still con-

tinues to be such; and that the judgment in this cause be recorded in the office of the register of deeds, etc., and stand for a conveyance of the land to Daniel Radway; and for general relief.

The defendants *Jones* and *Edwin M. Radway* demurred to the complaint, 1. As not stating a cause of action. 2. That the title to the land appears thereby to have been in *Jones* when plaintiff's judgment was rendered. 3. That Daniel Radway appears to have been in possession of the premises when said judgment was rendered, having no other real estate, and therefore the judgment did not become a lien on them. 4. That Charlotte Hunter and the administrator of Daniel Radway should have been made parties. 5. That plaintiff's claim does not appear to have been presented to the commissioners of said estate. 6. That it appeared that the execution on said judgment was issued after Daniel Radway's death, and was therefore void. 7. That it appears that said Daniel died insolvent, and no action could be maintained without making his creditors parties.

The demurrer was overruled; and the demurrants appealed.

*Todd & Converse*, for appellants:

. 1. It appears from the complaint that Daniel Radway was in possession of the forty acres in question, and that it was all the land he owned; hence the judgment was not a lien. 2. The administrator should have been made a party. 7 Me., 159; 9 Miss., 304; 2 McCord's Ch., 535. 3. This is a proceeding in aid of an execution. But no execution could issue at the time mentioned in the complaint. R. S., chap. 140, sec. 2. The plaintiff, therefore, has not exhausted his legal remedy, and cannot have equitable aid.

*Conger & Hawes*, for respondent.

DIXON, C. J. One of the principal questions presented by this case was likewise presented to and decided by this

court in the case of *Gates v. Boomer*, 17 Wis., 455. That was an action by the plaintiffs, judgment creditors of one of the defendants, to have a deed executed by him to his co-defendant set aside as a fraudulent obstruction to the proceedings of the plaintiffs to enforce the liens of their judgments, and so that they might sell the property upon execution. The action was sustained, and this court quotes with approbation the language of the chancellor in *Beck v. Burdett*, 1 Paige, 305, and other cases, to the effect that there are two classes of cases where a plaintiff is permitted to come into a court of equity for relief, after having proceeded to judgment and execution at law without obtaining satisfaction of his debt. In the one case he is compelled to come for the purpose of removing some obstructions fraudulently or inequitably interposed to prevent a sale on execution. In the other, he comes to obtain satisfaction of his debt out of the property of the defendant which cannot be reached by execution at law. As was said of *Gates v. Boomer*, this is obviously a case of the former character; and, as the judgment of the plaintiff is by statute a specific lien upon the land without the issue or levy of an execution, it would seem that the plaintiff is entitled to the aid of the court, whether execution has been issued and returned unsatisfied, or not; and especially would this seem to be so, where it appears from the complaint that the plaintiff is otherwise without means of obtaining satisfaction of his debt. The existence of the lien without adequate remedy for enforcing it at law, by reason of the fraudulent or inequitable obstruction interposed by the defendant, is sufficient to give a court of equity jurisdiction.

This disposes of all questions of irregularity in issuing the execution, alleged in the complaint to have been issued. If the issue of execution is not required at all, then the rights of the plaintiff are not prejudiced by one irregularly issued.

But another answer to this objection is, that it does not appear from the complaint that the execution was irregularly issued. It is not averred in the complaint that it was issued without leave of court; and that fact not being shown, there is nothing upon which to base the objection.

The same observation is true of the objection that the judgment is not a lien by reason of the premises in question being the homestead of the judgment debtor, and therefore exempt. It does not appear from the complaint that the debtor had no other real estate, nor that this land was *occupied* by him as a homestead in the manner prescribed by statute.

Nor do we think the case falls within the principle laid down in *Bate v. Graham*, 11 N. Y., 237. That was an action by a creditor having no specific lien or interest, to impeach a sale of personal property made by his deceased debtor with intent to defraud creditors, and to recover the same from the fraudulent vendee. Here the creditor has a specific lien, which he cannot enforce without the aid of equity, and he calls upon the court for that purpose. The distinction between the two cases is too obvious to require further comment.

Nor do the statutes authorizing an executor or administrator to sue for and recover back real estate conveyed by a deceased person in his life time with intent to defraud his creditors, and providing for the disposition of the proceeds of the real estate so recovered (R. S., chap. 100, secs. 16, 17 and 18), at all affect the question of the plaintiff's right to sue. They do not take away his remedy, nor deprive him of the lien of his judgment.

The only remaining objection is, that the administrator is not a party defendant. This is well answered when it is said that this is a proceeding for the benefit of the estate, and that the administrator could make no opposition if he

were present. We do not see, therefore, how the estate can be prejudiced, or the plaintiff's right to relief affected by the absence of the administrator. The conveyance to the defendant *Jones* being set aside, and the title adjudged to have been in the deceased judgment debtor from the time of his purchase, the plaintiff will then proceed as if the debtor had died seized of the land with full evidence of title in himself. The administrator is not a necessary party.

*By the Court.*—Order affirmed.