GALLOWAY, Respondent, vs. HAMILTON, imp., Appellant.

*March 25 — April 12, 1887.*

*Corporations: Deed, how executed: Ratification: Creditors' action.*

1. A deed of land by a corporation, to be valid, must, under sec. 2216, R. S., be signed by its president or other authorized officer, sealed with its seal, and countersigned by its secretary or clerk.
2. A subsequent ratification of a deed of corporate land executed only by the president, cannot affect the lien of an intervening judgment creditor of the corporation.

| | |
|---|---|
| 68 | 651 |
| 69 | 146 |
| 68 | 651 |
| 74 | 406 |
| 74 | 408 |
| 68 | 651 |
| 81 | 611 |
| 68 | 651 |
| 87 | 528 |
| 68 | 651 |
| 90 | 579 |
| 68 | 651 |
| 95 | 107 |
| 68 | 651 |
| e107 | 635 |
| 68 | 651 |
| d111 | 1392 |
| 68 | 651 |
| 117 | 2497 |

3. A deed of corporate land, executed without authority by the president of the corporation, on the eve of its insolvency, not followed by a change of possession before the levy of an execution by a creditor, will not confer an equitable title as against such creditor, though there had been previous negotiations about the purchase and the purchase money was paid.

4. Where a judgment has become a specific lien upon land actually belonging to the judgment debtor, by the levy of an execution thereon, equity will entertain an action by the judgment creditor in aid of his execution, without a previous return thereof, to remove an obstruction, such as a fraudulent conveyance of the land, which will prevent a sale at full value.

APPEAL from the Circuit Court for *Lincoln* County.

The case is stated in the opinion. The defendant *Hamilton* appeals from a judgment declaring the conveyance by the defendant corporation to her to be void.

*Edward P. Vilas,* for the appellant, contended, *inter alia,* that except when brought by a receiver, an action of this kind can be maintained only after the legal remedies have been exhausted. *Smith v. Weeks,* 60 Wis. 94. The former proceedings by bill in equity have been superseded by proceedings supplementary to execution (secs. 3030, 3031, R. S.). *In re Remington,* 7 Wis. 643; *Graham v. La C. & Mil. R. Co.* 10 id. 459; *Almy v. Platt,* 16 id. 169; *Clark v. Bergenthal,* 52 id. 103. And the right to maintain this action depends wholly upon sec. 3029, R. S., which gives the right only *after the return of execution. Hyde v. Chapman,* 33 Wis. 391. In each of the following cases the execution had been returned: *Gates v. Boomer,* 17 Wis. 455; *Winslow v. Dousman,* 18 id. 456; *Williams v. Sexton,* 19 id. 42; *Clark v. Bergenthal,* 52 id. 103. The judgment was not a lien upon the land. *Hyde v Chapman,* 33 Wis. 391; *Manhattan Co. v. Evertson,* 6 Paige, 465; *McKee v. Gilchrist,* 3 Watts, 231; *Jacoby's Appeal,* 67 Pa. St. 435; *Mulford v. Peterson,* 35 N. J. Law, 133. The conveyance to the appellant was sufficient in equity, though lacking the signature of the secre-

tary; she having acted in good faith, paid the purchase money and been let into possession. *Dreutzer v. Lawrence,* 58 Wis. 594; *West v. Agricultural Board,* 82 Ill. 205. The previous contract might have been specifically enforced. *District No. 3 v. Macloon,* 4 Wis. 79; *Blanchard v. McDougal,* 6 id. 167; *Knoll v. Harvey,* 19 id. 99; *Horn v. Ludington,* 32 id. 73.

For the respondent there was a brief by *Edward S. Bragg,* and oral argument by *C. N. Gregory.*

COLE, C. J.   It appears from the complaint and proofs in this case that the plaintiff recovered a judgment against the defendant corporation in the circuit court of Lincoln county on the 3d day of October, 1883, and on that day the judgment was docketed.   An execution was issued on this judgment, and the sheriff, not finding sufficient personal property to satisfy the execution, on the 4th of October, 1883, levied upon certain real estate as the property of the judgment debtor.   An examination of the records in the register's office disclosed a deed of this real estate from the company to the defendant, *Mrs. Hamilton,* for the consideration of $3,500, which deed was dated October 1, 1883, acknowledged the next day; signed and acknowledged by C. K. Pier, as the president of the company, with the corporate seal affixed, but not signed by any other person or officer.   It is claimed that this deed was not executed or delivered by the authority of the company, but was the individual act of its president, and that the title to the real estate, in law and in equity, was vested in the company when the levy was made.   This action is in aid of the execution, and to remove a cloud upon the title, and to have this deed declared void as a fraudulent obstruction in the way of enforcing the sale upon the execution.   It appears that this action was commenced before the return of the execution and while it was still in the hands of the sheriff,

and before the time for its return had expired.   And the
learned counsel for the defendant, *Mrs. Hamilton*, contends
that a court of equity will not take jurisdiction of an action
of this nature until the execution has been returned unsat-
isfied in whole or in part, and made an elaborate argument
in support of that position.   We think, however, he mis-
conceives the nature of the action; for if it be true that the
real estate seized on the execution belonged to the judgment
debtor, and a deed has been put upon record which pur-
ports to convey the legal title to another, which will have
the effect to defeat or greatly impair the lien unless the
deed is canceled, we suppose it is well settled that a court
of equity will interfere and remove the inequitable obstruc-
tion.   " The equitable relief sought rests upon the fact that
the execution has issued, and a specific lien has been ac-
quired upon the property of the debtor by its levy, but that
the obstruction interposed prevents a sale of the property
at a fair valuation.   It is to remove the obstruction, and
thus enable the creditor to obtain a full price for the prop-
erty, that the suit is brought."   *Jones v. Green,* 1 Wall. 330;
*Gates v. Boomer,* 17 Wis. 455;   *Cornell v. Radway,* 22 Wis.
260; *Beck v. Burdett,* 1 Paige, 305; *North American Fire
Ins. Co. v. Graham,* 5 Sandf. 197; *McElwain v. Willis,* 9
Wend. 548; *Brainard v. Van Kuran,* 22 Iowa, 261; *Flem-
ing v. Grafton,* 54 Miss. 79; *Montgomery v. McGee,* 7 Humph.
234; *McNairy v. Eastland,* 10 Yerg. 310.

Here the enforcement of the legal remedy is obstructed
by an alleged fraudulent conveyance which prevents or em-
barrasses the sale upon execution.   Where "the judgment
of the plaintiff is by statute a specific lien upon the land
without the issue or levy of an execution, it would seem
that the plaintiff is entitled to the aid of the court, whether
execution has been issued and returned unsatisfied or not;
and especially would this seem to be so where it appears
from the complaint that the plaintiff is otherwise without

means of obtaining satisfaction of his debt. The existence of the lien without adequate remedy for enforcing it at law, by reason of the fraudulent or inequitable obstruction interposed by the defendant, is sufficient to give a court of equity jurisdiction." DIXON, C. J., in *Cornell v. Radway, supra.* See, also, *Angell v. Draper,* 1 Vern. 399; *Shirley v. Watts,* 3 Atk. 200; 3 Pom. Eq. Jur. sec. 1415, and notes.

In the case of a creditor's bill proper, where a party seeks a discovery of assets or to reach equitable interests or choses in action which are not subject to levy and sale at law, there it is necessary that all legal remedies shall be exhausted by the issuing of an execution which has been returned unsatisfied in whole or in part, before equity will interfere. But this action does not belong to that class, but, in its scope and principle, is like that of *Cornell v. Radway, supra.*

The next inquiry, then, is, Has the plaintiff acquired a lien upon the real estate in question, or, in other words, is there ground for saying that it was the property of the judgment debtor when the levy was made? The deed was executed by C. K. Pier, the president of the corporation, which had an acting secretary. It does not appear that the corporation authorized the making of the deed, though Mr. Pier says he was accustomed to sign and execute deeds of real estate for the company, as he did the one to *Mrs. Hamilton.* Our statute prescribes how lands owned by a corporation organized under any law of this state shall be conveyed. The deed, to be valid, must be signed by the president, or other authorized officer of the corporation, sealed with the corporate seal, and *countersigned by the secretary or clerk.* Sec. 2216, R. S. This provision is controlling, and shows that there was no proper execution of the deed dated October 1, 1883, even if it had appeared that the president was authorized by the corporation to make it; for we suppose, where a general law provides as to the mode in which a deed of a corporation conveying its real

estate shall be executed, this mode must be adopted in order to its validity as a corporate act.    Ang. & A. Corp. § 221.

In this case the deed was never countersigned by the secretary, and, as we understand his testimony, he subsequently refused to sign the instrument when presented to him some few weeks after its date.    It is claimed that the act of the president in executing the deed was subsequently ratified. But, if it was, the ratification could not affect the plaintiff's lien, which had previously attached.    For " the general rule as to the effect of ratification by one of the unauthorized acts of another respecting the property of the former, is well settled.    The ratification operates upon the act ratified precisely as though authority to do the act had been previously given, except where the rights of third parties have intervened between the act and the ratification.    The retroactive efficacy of the ratification is subject to this qualification.    The intervening rights of third persons cannot be defeated by the ratification.    In other words, it is essential that the party ratifying should be able not merely to do the act ratified at the time the act was done, but also at the time the ratification was made."    *Cook v. Tullis*, 18 Wall. 332, 338; *Taylor v. Robinson*, 14 Cal. 401; Story on Agency, §§ 241–244.

It is further said by the defendant's counsel that this conveyance, though not properly executed, was sufficient in equity, the purchase money having been paid and the purchaser having been let into possession.    We think it a fair inference from the testimony that the purchase money was paid to C. K. Pier in the forenoon of the 3d of October, 1883, and that there had been some previous talk between him and *Mrs. Hamilton* about her buying some of the real estate of the corporation.    But there was nothing very definite or certain in the terms of this parol agreement, even if one was made and Pier had authority to make

the sale. There is no evidence that there was a change of possession before the levy was made, and, as we have said, it does not appear that Pier was authorized to sell the real estate. Such being the case, we think the evidence shows that the property belonged to the corporation when the levy was made.

The court below found that the judgment debtor was on the 1st of October, 1883, seized and possessed of the real estate, and continued so possessed until after the levy, and that the company was insolvent. Further, that the acting secretary never authenticated or countersigned the deed, and that the same was void as against the judgment and execution of the plaintiff, and ordered the deed to be canceled of record. We think this view of the case was correct, and that the judgment of the circuit court must be affirmed.

*By the' Court.*— Judgment affirmed.