RASMUSSEN and another, Respondents, vs. SCHWEIZER and another, imp., Appellants.

*November 10—December 6, 1927.*

*Corporations: Corporation purchasing stock of dissatisfied stockholders: Waiver of right to appeal: Accepting benefits of judgment complained of.*

1. In an action to set aside a trust deed of corporation property, executed to secure payment of certain amounts which the corporation had agreed to pay the plaintiffs and other dissatisfied stockholders for their stock, the evidence is *held* not to justify a finding of the court that the purchase of the stock was in furtherance of an intention to dissolve and wind up the affairs of the corporation.   p. 365.
2. A corporation with assets substantially in excess of its liabilities, not including its capital stock, may buy its own stock; and an arrangement whereby certain property was conveyed in trust to secure payment of the amounts it had agreed to pay certain dissatisfied stockholders for their stock is within the power of the corporation.   p. 366.
3. One accepting the fruits of a judgment, to which he may not be entitled if his appeal therefrom succeeds, waives the right to appeal if the benefit received depends on or was granted as a condition of the judgment, but not if the conditions granting him the favor are independent and separable from those sought to be overturned.   pp. 367, 368.
4. Trustees of the corporate property who incurred certain indebtedness to real-estate brokers in an effort to sell the property did not waive their right to appeal from an interlocutory judgment setting aside the trust deed because the receiver, who had been substituted as a defendant, paid such indebtedness out of funds in his hands as receiver.   p. 368.

APPEAL from a judgment of the circuit court for La Crosse county: R. S. COWIE, Circuit Judge. *Reversed.*

This action was brought by the plaintiffs, stockholders of the La Crosse Lumber & Supply Company, against that company, to wind up its affairs, for the appointment of a receiver, as well as to set aside a trust deed executed by the corporation to the defendants *C. H. Schweizer* and *J. R. Johnson* to certain portions of the property of the corpora-

tion, to secure the payment of various amounts which the corporation agreed to pay certain stockholders of the corporation for the capital stock thereof held by said stockholders. The trial court entered an interlocutory judgment appointing a receiver and setting aside said trust deed. The trustees, *Schweizer* and *Johnson,* appeal from that portion of the judgment setting aside the trust deed.

It appears that the annual meeting of the stockholders of said corporation was held on the 13th of February, 1926. Dissatisfaction was expressed by certain stockholders because dividends had not been paid during the recent years, and they expressed the opinion that the capital stock of the corporation was not worth more than seventy cents on the dollar. This condition of the corporation was attributed to the inefficient management of the defendant Adelbert J. Roberge, who was the president, and owner of a majority of the stock of the said company, and to the further fact that the salary paid by the company to the said Roberge was too large. Roberge made reply to these complaints expressing satisfaction with the condition of the affairs of the company, that the stock was worth par, and concluded by saying that he would buy all of the stock of the dissatisfied members, paying therefor the amount of money which they had invested in the stock of the company. Certain stock dividends had been declared, and the proposition contemplated that stock representing such dividends would not be paid for. The proposition was that Roberge should return to the dissatisfied stockholders the amount of their actual investments in the stock of the company in exchange for the stock held by them, including the stock in the form of dividends which may have come into their hands. When asked how he would pay for it, he said he would sell a portion of the assets of the company known as the North Side yard. He was informed that this property was not his to sell and that he could not pledge it as security for the payment of the purchase price of said stock. It was further suggested, however, that the cor-

poration might make the proposition made by Roberge and secure the payment for the stock in the manner proposed by Roberge, whereupon the proposition was made on the part of the corporation. The meeting then adjourned until the 23d day of February, to enable the complaining stockholders to consider the proposition. During the interim the complaining stockholders held a meeting and considered the proposition. The plaintiff *Rasmussen,* the owner of thirty shares of that stock, attended that meeting. It does not appear that the plaintiff *Mulder,* owner of five shares of stock, was present. All stockholders voted in favor of accepting the proposition except *Rasmussen,* but after the vote *Rasmussen* said, "All right, boys, I will do as the rest of you do."

At the adjourned meeting held on the 23d day of February there were present stockholders representing a total of 851½ shares of stock out of a total capital stock of 990 shares. A resolution was introduced at this meeting which provided for the carrying out of the proposal made at the preceding meeting. It was provided in this resolution that certain property owned by the corporation should be deeded to the defendants *C. H. Schweizer* and *J. R. Johnson* as trustees; that those desiring to sell their stock to the corporation upon the terms named should deposit their stock with the trustees, and that the trustees would deliver to them a note of the corporation for the amount which the corporation agreed to pay for their stock; that the trust deed should be executed by March 1st, and that any and all stockholders might signify their willingness to accept the proposition by filing their stock with the trustees on or before March 15, 1926. The trust deed was not executed before March 15th, and the time within which the stockholders might deliver their stock to the trustees was extended until March 31st. The plaintiffs, *Rasmussen* and *Mulder,* did not accept the proposition and did not deliver the stock to the trustees. The trustees immediately entered upon a campaign for the sale of the

property, and in that behalf employed certain real-estate agents in Minneapolis to find a purchaser. Some time in May or June Lieder & Lampert entered into negotiations with Roberge for the purchase of the entire property of the company. On July 30th the stockholders authorized a sale of the entire property of the company, including that portion theretofore deeded to the trustees. The trustees deeded the property back to the corporation with the understanding that they would receive $17,000 of the $73,000 which Lieder & Lampert were to pay for the entire property of the company. The $17,000 was never paid over to the trustees. This action was commenced August 6, 1926.

For the appellants there were briefs by *McConnell & Schweizer* of La Crosse, and oral argument by *Chas. H. Schweizer*.

For the respondents there was a brief by *Higbee & Higbee* of La Crosse, and oral argument by *E. C. Higbee*.

OWEN, J. This appeal presents the question of whether that portion of the judgment of the trial court setting aside the trustees' deed can be sustained. The reasons which prompted this action on the part of the trial court are probably voiced in the findings of that court, to the effect that the purchase of the stock of the complaining stockholders on the part of the corporation "was in furtherance of an intention to dissolve and wind up the affairs of said corporation," and "that if such trust agreement were to be carried out, the plaintiffs and other stockholders similarly situated would receive, on the final distribution of the assets of the corporation, very much less than the par value of their stock; while those coming under said agreement would receive par or more." We have made diligent search of the record and we can find no suggestion therein which justifies any finding that the purchase of the stock "was in furtherance of an intention to dissolve and wind up the affairs of said corpo-

ration." On the contrary, it appears very plainly that Mr. Roberge had confidence in the corporation; that he proposed to carry on the business of the corporation, and that the purchase of the stock held by the complaining stockholders was to eliminate internal discord and dissatisfaction. There is nothing in the evidence which indicates that at the time of the annual, or the adjourned annual, meeting in February there was any thought on the part of any one that the affairs of the corporation should be wound up. If such were in contemplation, it is not likely that the majority stockholders would have proposed a plan that would have given the minority stockholders a substantial preference in the distribution of the assets of the corporation.

The case must be treated as though a going corporation were buying the stock owned and held by a portion of the stockholders of the corporation. That a corporation has power so to buy its own stock is settled by the decisions of this court. *Shoemaker v. Washburn L. Co.* 97 Wis. 585, 73 N. W. 333; *Calteaux v. Mueller*, 102 Wis. 525, 78 N. W. 1082; *Marvin v. Anderson*, 111 Wis. 387, 87 N. W. 226; *Pabst v. Goodrich*, 133 Wis. 43, 113 N. W. 398; *Gilchrist v. Highfield*, 140 Wis. 476, 123 N. W. 102; *Atlanta & W. B. & C. Asso. v. Smith*, 141 Wis. 377, 123 N. W. 106; *Turner v. Goetz*, 184 Wis. 508, 199 N. W. 155. These decisions are all to the effect that a corporation may thus buy its own stock so long as its assets are in substantial excess of its liabilities, and that for such purpose its capital stock is not to be considered as a liability. This is especially held in *Marvin v. Anderson*, 111 Wis. 387, 87 N. W. 226. That the corporation was solvent in this sense in February, 1926, is conceded.

It seems that the lower court considered the trust arrangement unlawful either because it was a step in winding up the affairs of the corporation, thus giving some of the stockholders an unlawful preference, or that the corporation was

Rasmussen v. Schweizer, 194 Wis. 362.

insolvent because its assets did not exceed its debts plus the amount of its capital stock. There is no evidence to sustain the first ground, and the second ground rests on an erroneous assumption of law. We can see no reason why the trust arrangement was not within the power of the corporation, and there appears to be no justification for that portion of the interlocutory judgment setting aside the trust deed.

The respondents moved to dismiss the appeal because, they say, the appealing trustees have waived the right to appeal from the interlocutory judgment by asking for and receiving benefits under and by virtue thereof, within the rule of *Cogswell v. Colley,* 22 Wis. 399; *Flanders v. Merrimac,* 44 Wis. 621; *McKinnon v. Wolfenden,* 78 Wis. 237, 47 N. W. 436. This motion is based upon the fact that during their tenure as trustees they incurred certain indebtedness to real-estate brokers in their efforts to make a sale of trust property, to recover which an action was brought against them in the circuit court for La Crosse county. After the entry of the interlocutory judgment herein setting aside said trust deed, said trustees made application to the court to have the receiver appointed herein substituted as the defendant in that action. Pursuant to such application said receiver was made a party defendant in said action, and thereafter, by authority of the court, he compromised and settled said action for $250, paying the same out of the funds in his possession as such receiver. The contention is made that because the claim thus made against them as such trustees was paid out of the funds of the estate in the hands of the receiver, thus relieving them of that liability, they had accepted the fruits of the judgment of the court which amounts to a waiver of their right to appeal. The principle upon which respondents rely may be stated to be, that one waives his right to appeal when he accepts the fruits of a judgment to which he may not be entitled if his appeal succeeds. *Alexander v. Alexander,* 104 N. Y. 643, 10 N. E.

37. "If the benefit received is dependent upon, or was granted as a condition of, the order or judgment attacked, clearly the party ought not to be permitted to carry on his warfare. But if the conditions of the order or judgment under which he is granted a favor are independent and separable from those sought to be overturned, there seems to be nothing in reason or justice to prevent him from seeking to vindicate in the appellate court the right denied him in the trial court." *Fiedler v. Howard,* 99 Wis. 388, 75 N. W. 163. See, also, *Grand Rapids v. Bogoger,* 141 Wis. 530, 124 N. W. 659; *Puffer v. Welch,* 144 Wis. 506, 129 N. W. 525.

In this case the appeal is taken from that portion of the judgment setting aside the trust deed. This portion of the judgment involves the rights of the beneficiaries of the trust and is taken by the trustees in their representative capacity to protect the interest of their *cestuis que trustent.* The proceedings by which their personal liability to the real-estate brokers was shifted to the receiver involved only the personal interest of the trustees. They are entirely separate and distinct. The personal liability of the trustees incurred in carrying out the purposes of the trust was a matter in which the *cestuis que trustent* had no interest, and their right to have the validity of the trust deed determined by this court could not be affected by any efforts put forth by the trustees to relieve themselves of personal liability incurred in the administration of the trust.

*By the Court.*—Judgment reversed, and cause remanded for further proceedings in accordance with this opinion. Costs payable out of estate.