## CRANDALL-KATH LUMBER COMPANY v. PROGRESSIVE PRODUCTS, INC. AND OTHERS.[1]

December 9, 1927.

No. 26,210.

**Proof of claim against defendant corporation.**
    *Held*: (1) If a corporation could not defend a suit upon its notes, its receivers cannot; (2) answer of receivers was insufficient to show that purchase of its stock by defendant corporation was invalid as to its creditors.   [Reporter.]

Samuel O. Abrams and William P. Christian as receivers of defendant Progressive Products, Incorporated, appealed from an order of the district court for Hennepin county, Montgomery, J. allowing the claims of respondents Hannah Bedard and Minneapolis Trust Company.   Affirmed.

*Grimes & Maxwell* and *Selover & Mansfield,* for appellants.

*Leonard, Street & Deinard,* for respondent Bedard.

*Lancaster, Simpson, Junell & Dorsey,* for respondent Minneapolis Trust Company.

PER CURIAM.

The facts and issues in this case are so similar to those in the action of Gipson v. Bedard, supra, p. 104, that the decision in that case is largely determinative of this.

The claims filed with the receivers of the Progressive Products, Incorporated, arise directly out of the same transaction there involved.   The notes in question were given by the Progressive company in payment for the same shares of its stock as therein stated, where the facts are more fully recited than is here necessary.   It was there held, under the showing, that the transaction was regular and the notes in question valid.   We find nothing in the record in the

[1]Reported in 217 N. W. 142.

present case to change that conclusion. The trial court allowed the Bedard claim at $46,485.18 and the claim of the trust company at $7,292.59, with interest. From such order this appeal was taken.

Appellants assert that the purchase of the Bedard stock was invalid as to creditors; indeed, their entire argument is devoted to that contention. The position is not supported by the allegations in the answer. There is no allegation that the assets are less in amount than the liabilities or that creditors will not be paid in full. The controversy is between claimants and the owners of preferred stock.

Assuming that the notes are subordinate to the claims of other creditors on the ground that the purchase of such stock rendered the company unable to meet its obligations in the usual course of business, yet that is not the relief asked for in the answer. The rights of creditors not being involved, the receiver stands in no better position than the corporation. If the corporation could not have defended a suit upon these notes, neither can the receivers. There are no allegations of fraud or want of power in the corporation such as to impeach the transaction if the corporation were defending. Marvin v. Anderson, 111 Wis. 387, 87 N. W. 226.

Affirmed.