LINKER & HERBERT, Inc., as owner of common stock certificate No. 8, and preferred stock certificate No. 8 of Del Monte, Inc., on behalf of itself and all other stockholders similarly situated, Plaintiff,

v.

William H. MARSHALL, W. D. Van Dyke, Jr., Edmund B. Shea, as Trustees under the will of Samuel Marshall, deceased, Lane Bryant, Inc., and Del Monte, Inc., Defendants.

No. 6443.

United States District Court
E. D. Wisconsin.
July 29, 1955.

Fairchild, Charne, & Kops, Milwaukee, Wis., for plaintiff.

Shea & Hoyt, Milwaukee, Wis., for defendant.

GRUBB, District Judge.

This action is a stockholder's derivative suit brought pursuant to Rule 23 (b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. The plaintiff, a New York corporation, alleges that it is the owner of twenty-five shares of common stock and twenty-five shares of preferred stock of Del Monte, Inc., a Wisconsin corporation, which formerly was the lessee of premises located in the City of Milwaukee. The lessors and owners

of the premises are the trustees under the will of Samuel Marshall, deceased.

The complaint alleges that during the latter part of 1952 and the early part of 1953 the officers and directors of Del Monte, Inc., took action which resulted in the sale of all the corporate personalty to third parties and the surrender of the leased premises to the lessor; that the value of the leasehold interest was in excess of $3,000; that no action was taken by the officers and/or directors and/or stockholders of the corporation which would authorize or validate the conveyance of said leasehold interest to the lessor; that the lessor thereafter purported to lease the premises to the defendant Lane Bryant, Inc., a Delaware corporation, which took possession and is paying rent to the lessor; that the plaintiff on August 18, 1953, *served upon the attorney for Del Monte, Inc.,* a demand that the corporation take certain action including among other things the following:

> "That said corporation recover by legal action all assets of said corporation illegally transferred to third parties including specifically the leasehold interest of said corporation in the real estate located at 307 East Wisconsin Avenue, Milwaukee, Wisconsin.";

and that the corporation took no action in accordance with the above demand. The prayer of the complaint is for judgment requiring the trustees of Samuel Marshall to account to Del Monte, Inc., for the rents received by them from Lane Bryant, Inc., over and above the rentals which would have been payable by Del Monte, Inc., and that the trustees and Lane Bryant, Inc., be further required to surrender possession of the premises to Del Monte, Inc.

The trustees of Samuel Marshall and Lane Bryant, Inc., hereinafter called the defendants, moved the court to dismiss the action as failing to state a claim against them upon which relief could be granted. More specifically, the defendants contend that the insufficiency of the complaint consists of (1) failure to allege any wrong done to Del Monte, Inc., by the trustees or anyone else, for which Del Monte, Inc., itself could maintain an action; and (2) failure to comply with Rule 23(b) of the Rules of Civil Procedure relating to the showing of efforts by the plaintiff to secure redress within the corporation before suing.

The Court, therefore, proceeding under Rule 56 of the Federal Rules of Civil Procedure relating to summary judgments called for briefs from the parties. No affidavits, depositions or other documents were submitted by the parties. Nor was an answer to the complaint filed by the defendants.

It is the Court's opinion that this motion for summary judgment can be decided upon the first ground. The issue presented to the court is whether or not Del Monte, Inc., could itself have maintained an action to recover the leasehold from the defendants.

It is elementary that a stockholder may not bring a stockholder's derivative action unless the corporation itself has a cause of action which it could enforce. Jenkins v. Bradley, 104 Wis. 540, 80 N.W. 1025; 15 Nichols, Cyc. Fed. Procedure, Sec. 78.23; 13 Fletcher, Cyc.Corp., Sec. 5947.

The plaintiff does not allege a claim which Del Monte, Inc., could maintain. However, reading the complaint in its most favorable light, it seems reasonable to assume that the plaintiff is attempting to set forth such a claim.

In Baltimore S. S. Co. v. Phillips, 274 U.S. 316, 321, 47 S.Ct. 600, 602, 71 L. Ed. 1069, it was stated:

> "A cause of action does not consist of facts, but of the unlawful violation of a right which the facts show."

And Patten v. Dennis, 9 Cir., 134 F.2d 137, 138, gives the requirements of a complaint:

> "The requirements of a complaint may be stated * * * as being a statement of facts showing (1)

the jurisdiction of the court; (2) ownership of a right by plaintiff; (3) violation of that right by defendant; (4) injury resulting to plaintiff by such violation; and (5) justification for equitable relief where that is sought."

The plaintiff does not allege any fraud, overreaching or personal gain on the part of the parties to the surrendering of the leasehold. No issue of bad faith is raised by the complaint. Plaintiff could not offer proof of fraud or mistake because of its failure to comply with Rule 9(b) of the Rules of Civil Procedure. All that the complaint actually avers is that the officers and directors of Del Monte, Inc., were not authorized in the surrender of the lease. The complaint does not allege that Del Monte was in any way harmed or injured by surrendering the leasehold. And this would seem to be essential to stating a cause of action.

"If there is no loss or damage to the corporation, the suit does not lie." 13 Fletcher, supra.

Indeed, the corporation may have received a benefit since it was relieved from its obligation to pay rent to the lessor.

Thus, it is difficult to see how the lessor violated any right of Del Monte, Inc. The lessor accepted the surrender of the leasehold and then entered into a lease with a third party, Lane Bryant, Inc. In doing so, it has entered into another agreement in apparent reliance on the surrender of the leasehold.

The complaint alleges that the officers and directors of Del Monte, Inc., took action which resulted in the surrender of the leasehold, but alleges that such action was unauthorized. Unauthorized by whom? The stockholders are the only corporate group which did not directly sanction the surrender of the leasehold. The plaintiff must have been referring to the lack of stockholder action authorizing such a transfer as his basis for appealing to the equitable powers of this court. The question immediately

arises as to whether or not such stockholder action was necessary in order to validate such a transfer. The complaint alleges that the leasehold interest constituted an interest in real estate which Del Monte, Inc., could convey only in a manner provided by the laws of the State of Wisconsin. This allegation as it stands is a conclusion of law. The applicable Wisconsin statute, § 182.011 (2) and (3), formerly Section 1775, which was in effect at the time the events in question transpired is:

"(2) Transfers of Property. Every corporation may, by a vote of a majority of the stock entitled to vote, sell and convey or authorize to be conveyed, all or any portion of the property owned by it, or mortgage or lease any such property whenever it shall be necessary for its business or the protection or benefit of its property.

"(3) Same; Exceptions. But any corporation organized to deal in real property or in fixtures, improvements or chattels real, or to mortgage, pledge or dispose of the same in any manner whatsoever, may sell, mortgage, pledge or otherwise dispose of the same by instruments executed in the manner provided by section 235.01 or in such manner as shall be provided in the articles of incorporation, without further authorization by the members, stockholders or directors of any such corporation."

Section 182.011 has been construed by the Wisconsin Supreme Court. That court has held that a majority vote of stockholders is required only if the property involved were the entire property of the corporation or a part essential to the continuance of the corporate enterprise. Fontaine v. Brown County Motors Co., 251 Wis. 433, 437–438, 29 N.W. 2d 744, 174 A.L.R. 694. The complaint in question contains no allegation that the officers and directors disposed of all the property of Del Monte and does not allege that the leasehold interest former-

ly held by Del Monte, Inc., was all or even an integral part of its realty. As far as anything set forth in the complaint is concerned, this transaction could come within the exception set forth in Section 182.011(3) above set forth. However, our view in this matter is not based upon the failure of the complaint to negative these exceptions.

Marvin v. Anderson, 111 Wis. 387, 87 N.W. 226, 228, contained facts materially different from the facts in this case. But the dicta on the statute in question sheds considerable light on its construction:

"To say that the legislature intended to require corporate action by a majority vote of stockholders at some general meeting * * * as a condition precedent to every sale of corporate property, real or personal, so that every dealer with a corporation would be bound to inform himself as to whether such condition had been fulfilled, would convict the legislature of such an absurd piece of lawmaking that no court would venture to do it without first seeking diligently for some construction of the law within the reasonable scope of the language used that would avoid such meaning. Corporations, in the very nature of things, as to their ordinary affairs, must be permitted to conduct business the same, substantially, as individuals. The confusion that would result from a law that would invalidate every transfer of corporate property, real or personal, unless the act of the corporate officers in the transaction could be referred for authority to some specific vote of a majority of the stockholders formally authorizing it, would be incalculable."

■ Furthermore, even if the statute had been violated, it would have given Del Monte, Inc., no cause of action against the defendants. The statute in question was enacted not for the protection of the corporation, but for the protection of the stockholders. In Eastman v. Parkinson, 133 Wis. 375, 380, 113 N. W. 649, 651, 13 L.R.A.,N.S., 921, the court held:

"It is a mistake to suppose that a mere statutory regulation of the manner of making a corporate contract such as the one in question is a prohibitory law rendering a good-faith executed transaction of the kind in disregard of it void. *The statute does not contain any word of prohibition. It does not prescribe any punishment for the violation of it.* It does not contain any declaration as to the effect upon the contract of any such violation. The violation of such a statute, at the most, is construed, ordinarily, as rendering the contract voidable, but not so as to allow one party to enjoy the benefit of it and at the same time such party or some one acting in his right, in whole or in part, to impeach it * * *." (Emphasis supplied.)

"Such statutes as the one under consideration by the great weight of authority are regarded as having been enacted for the protection of stockholders."

■ The Wisconsin Supreme Court frowns upon rescinding executed transactions where Section 182.011 has been violated:

"The whole trend of modern decisions is against impeachment of executed corporate transactions except by punishment of the corporation at the suit of the state." Marvin v. Anderson, supra.

Even where a transaction is *ultra vires*, the Wisconsin Court held that the executed contract must stand:

" 'An *ultra vires* contract, one not within the scope of the corporate authority to make under any circumstances, which is no longer executory and is not tainted by fraud, or clearly prohibited by statute, or condemned by sound public policy, cannot be impeached by the corpora-

tion or any one representing it.'" Kanneberg v. Evangelical Creed Congregation, 146 Wis. 610, 617, 131 N.W. 353, 355, 39 L.R.A.,N.S., 138.

Plaintiff relies on Consolidated Water Power Co. v. Nash, 109 Wis. 490, 85 N.W. 485. The language in that case indicates that the officers and directors of a corporation do not have power to convey away the *entire* manufacturing plant of a going corporation. There is no allegation in the complaint in this action that the leasehold in question falls into any such category. Furthermore, the facts in the Consolidated case concern *a transaction which was executory.*

 Viewing the complaint in the light of Patten v. Dennis, supra, we fail to see how the defendants have violated any right of Del Monte, Inc. The complaint does not, in our opinion, show any justification for the equitable relief which is sought.

> "A complaint or statement of claim for equitable relief must show grounds for such relief if it is to be granted; * * * Equitable jurisdiction must be determined from the complaint or statement of claim and not from subsequent proof in the case. The showing of a right to equitable relief cannot be made by a general allegation of such jurisdiction or a mere conclusion of law, but it must be made by allegations of fact * * *."

4 Nichols, Cyc. Fed. Procedure, Sec. 14.238.

The complaint does not allege a claim entitling the plaintiff to the relief sought. The officers and directors surrendered the leasehold and the lessor re-rented the premises in apparent reliance on that surrender. The transaction has been fully executed. The allegations do not present a situation sufficient to upset a completed transaction merely because the transaction was not internally authorized by Del Monte, Inc.

The foregoing makes it unnecessary to pass upon the question as to whether the complaint alleges a sufficient compliance with Rule 23(b). On its face it does not seem to set forth with particularity the reasonable efforts on the part of the plaintiff to secure from the management or from the stockholders such action as he desires "and the reasons for his failure to obtain such action or the reasons for not making such effort." The complaint is dismissed for failure to state a claim upon which relief can be granted.

Defendants may prepare an order in accord with this opinion submitting it to plaintiff's counsel for approval as to form only.